ROBERT SIMPSON *et al.* Appellants, *vs.* CHARLES GEORGE SIMPSON *et al.* Appellees.

*Opinion filed April 20, 1916.*

1. WILLS—*jurisdiction of superior court to set aside order of county court denying probate of will.* The superior court has no jurisdiction, upon a bill filed to set aside or vacate an order and judgment of the county court denying probate of a will, to make an order or decree that the cause be tried *de novo* in the superior court, even if it should have jurisdiction to vacate the order of the probate court.

2. SAME—*when bill in chancery to contest a will can be maintained.* A bill in chancery to contest a will can only be maintained by virtue of section 7 of the Statute of Wills, and no such contest can be maintained where probate of the will is denied.

3. SAME—*duty of probate court to appoint a guardian ad litem for infant defendants.* The proceeding to probate a will in the probate court is a trial or action at law, and it is the duty of the probate court, under section 17 of the Statute of Frauds, to appoint a guardian *ad litem* for all infant defendants made parties to such proceeding.

4. SAME—*judgment denying probate may be set aside for failure to appoint guardian ad litem.* A judgment denying probate of a will without the appointment of a guardian *ad litem* to represent minor devisees is voidable, and may be set aside by a proper motion made in the court where the judgment was rendered and at a subsequent term.

5. EQUITY—*power of equity courts to vacate the judgments of courts of law.* A court of equity has the power to vacate judg-

ments of courts of law and to grant new trials therein in cases wherein such judgments have resulted by mistake, fraud or accident, unmixed with negligence or fault on the part of the party against whom the judgments are rendered.

6. SAME—*when a bill to set aside judgment and for new trial cannot be maintained.* A bill in equity to vacate a judgment at law and allow a new trial cannot be maintained where there exists an adequate remedy at law for the matters set forth in the bill, or where the party has ample remedy to correct the error in the law court by appeal therefrom, or where he may have an ample remedy in the law court to set aside the judgment of which complaint is made.

7. FRAUD—*the facts must be stated in alleging fraud.* In alleging fraud and deceit the facts which are the basis of the allegation must be stated, and the statement of legal conclusions is not sufficient.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

ERIC WINTERS, for appellants.

FRANCIS J. SULLIVAN, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellants filed in the superior court of Cook county against appellees, as heirs, devisees and legal representatives of Robert Simpson, deceased, grandfather of appellants, their bill praying that the order and judgment of the probate court of Cook county denying the probate of the will of said deceased and ordering letters of administration be set aside and that a hearing *de novo* might be had as to the validity of said will and of the capacity of the said testator to make and publish the same. There was also a prayer for general relief in the bill. A general and special demurrer was filed to the bill by certain of appellees, and the court sustained the same and dismissed the bill for want of equity.

The bill charges that Robert Simpson, a widower, of Cook county, Illinois, died testate June 22, 1914, leaving

appellees as heirs and devisees; that appellants are minor children of Robert W. Simpson, a son of Robert Simpson; that on March 11, 1914, Robert Simpson duly executed his last will, in and by which he devised to appellants several devises of real property and bequests of personal property of the value of not less than $100,000; that the testator, at the time of making said will, was possessed of sound mind and disposing memory and that said will is valid and binding; that appellees and divers other persons unknown to appellants, upon the death of said testator collusively entered into an agreement to prevent the lawful probate of said will, with the wrongful and fraudulent intent to defraud the appellants and other infant grandchildren of the testator and to prevent them from acquiring the valuable properties belonging to them under the terms of said will; that in furtherance of the collusive, wrongful and fraudulent purpose, said appellees, upon the presentation of said will in the probate court, by false representations and deceit led the probate court to believe said testator was not, at the time of making his will, possessed of sound mind and disposing memory, and by reason thereof the probate court was led to believe, and was induced to find, that said will was invalid, and it therefore entered its order of record on the fourth day of September, 1914, denying the probate of said will; that appellants were not represented at the hearing of the matter pertaining to the probating of said will, and appellees concealed from appellants and their next friend the fact that the probate court had refused the probate of the will until long after the expiration of the time for appealing from said order, with the intent of preventing a hearing *de novo* as to the validity of said will; that on September 4, 1914, appellees filed a petition for letters of administration of the estate of said deceased in the probate court, which was granted to three of appellees, and that said administrators threaten to sell, convey, remove and dispose of the real and personal properties de-

vised· and bequeathed to appellants, and will do so unless restrained by injunction, etc.

Counsel for appellants in his brief and argument states that the bill in question is a bill for an appeal to the superior court from the order of the probate court refusing to probate said will, and for a trial *de novo* "to be heard therein as provided by statute." All of his argument is made in support of the theory that the superior court, under its chancery jurisdiction, can grant the right of appeal to that court after setting aside the order in the probate court. The superior court has no jurisdiction in the matter of probating wills except upon appeal to it from the county court. The superior court has no jurisdiction, upon a bill filed to set aside or vacate an order and judgment of the county court denying the probate of a will, to make an order or decree that the cause be tried *de novo* in the superior court, even if it should have jurisdiction to vacate the order of the probate court. A bill in chancery to contest a will can only be maintained by virtue of the provisions of section 7 of the Statute of Wills. No such contest can be maintained where probate of the will is denied. *Sharp* v. *Sharp,* 213 Ill. 332; *In re Will of Ingalls,* 148 id. 287; *Wild* v. *Sweeney,* 84 id. 213; *Dean* v. *Dean,* 239 id. 424.

If appellants have any right to maintain their bill in the superior court, the relief granted should be the setting aside of the decree of the probate court and the granting of the new trial in the probate court. A court of equity has the power to vacate judgments of courts of law and to grant new trials therein in cases wherein such judgments have resulted by mistake, fraud or accident, unmixed with negligence or fault on the part of the party against whom the judgment is rendered. (*Seward* v. *Cease,* 50 Ill. 228; *Holmes* v. *Stateler,* 57 id. 209; *Wilday* v. *McConnel,* 63 id. 278; 11 Ency. of Pl. & Pr. 1174.) However, a bill for a new trial cannot be maintained where there exists an

adequate remedy at law for the matters set forth in the bill, or where the party has ample remedy to correct the error in the law court by appeal therefrom, or where he may have an ample remedy in the law court to set aside the judgment of which complaint is made. 11 Ency. of Pl. & Pr. 1190; *Wild* v. *Sweeney, supra.*

It appears from the briefs and arguments of both parties to this suit that the appellants were not represented by guardian *ad litem* in the probate court in the proceeding to probate the will, and the bill charges that appellants were not represented at all. The proceeding to probate a will in the probate court is a trial or action at law, and it is the duty of the probate court, under section 17 of chapter 59 of our statutes, entitled "Frauds and Perjuries," to appoint a guardian *ad litem* for all infant defendants made parties to said proceedings. On appeal from the county court to the circuit court any evidence competent to establish a will in chancery is admissible under section 13 of our statute on wills, as amended in June, 1909, and in such a proceeding the interests of minors cannot be properly protected unless they are represented by a competent guardian *ad litem* in both the probate and the circuit courts. A judgment or decree against a minor without the appointment of a guardian *ad litem* to represent him in the suit is voidable, and may be set aside by a proper motion made in the court where the judgment or decree was rendered and the minor allowed to make his defense, and at a term subsequent to that in which the judgment or decree was rendered. *Peak* v. *Shasted,* 21 Ill. 137; *Hall* v. *Davis,* 44 id. 494; *Millard* v. *Marmon,* 116 id. 649; *White* v. *Kilmartin,* 205 id. 525.

In alleging fraud and deceit the facts which are the basis of the allegation must be stated. The statement of legal conclusions is insufficient. The bill should have stated the acts of the parties which are charged to be fraudulent that induced the court to render judgment against appellants. It sufficiently appears, however, from the allegations in the

bill, as already shown, that appellants' remedy is the filing of a proper motion in the probate court, supported by affidavits, to set aside the alleged erroneous judgment. Any order of the probate court obtained against minor defendants by fraud and who are not represented by guardian *ad litem* in the proceeding may be set aside upon motion or petition at a subsequent term. *Wright* v. *Simpson,* 200 Ill. 56.

For the foregoing reasons the superior court properly sustained the demurrer to the bill and dismissed the same for want of equity. The decree is therefore affirmed.

*Decree affirmed.*