(No. 14633.—Reversed and remanded.)

ROBERT W. SIMPSON *et al.* Appellees, *vs.* MAY ELLEN SIMPSON ANDERSON *et al.* Appellants.

*Opinion filed October 21, 1922—Rehearing denied Dec. 8, 1922.*

1. MINORS—*judgment against minor without appointing guardian ad litem is voidable.* A judgment or decree against a minor without the appointment of a guardian *ad litem* to represent him is voidable and may be set aside by a proper motion made in the court where the judgment or decree was rendered, and the minor will be allowed to make his defense; and this may be done at a term subsequent to that in which the judgment or decree was rendered.

2. WILLS—*when the act of 1917 validating probate without appointing guardian ad litem does not apply.* The act of 1917 (Laws of 1917, p. 800,) validating the probate of wills in all cases where no guardian *ad litem* was appointed to represent minor heirs, legatees or devisees includes only cases of the admission of wills to probate and does not apply where probate has been denied, so as to preclude the petition of a minor who seeks to set aside the order denying probate.

3. SAME—*what is meant by probate of a will.* The probate of a will is a judicial act of a court having competent jurisdiction, establishing the validity of the will and involving the determination that the will was duly signed and published and the testator was competent to make it.

4. SAME—*minors, as to appeal from order denying probate, have only same rights as adults.* Where a will has been admitted to pro-

bate, the statute which confers the right to contest wills preserves to minors this right after the removal of their disability; but if a will is refused probate there is no preservation of the right of appeal to infants except within the same time given to adults.

5. SAME—*what service of notice is sufficient after setting aside order denying probate.* Where a will has been denied probate and on the petition of minors the order denying probate is set aside after an appeal to the circuit court and the cause is heard in that court on the original petition for probate, no form of service is prescribed by statute, and the court may order notice of the proceeding by personal service or registered mail.

6. SAME—*extent to which witness may express opinion of testator's mental capacity.* While a witness may give his opinion, based upon facts testified to, as to the condition of testator's mind and whether he was sane or insane, he may not state whether he was capable of executing a valid will, and it is error to permit a witness to answer the question, "At the time that you formed this opinion as to his sanity, did you believe that he had sufficient mental capacity to make his will?"

7. SAME—*a final order as to probate cannot be made without notice to heirs of deceased party.* Where an order denying probate has been set aside and probate is ordered and an appeal taken without notice to the heirs of a deceased party whose interest is adverse to the probate of the will, the cause will be remanded to hear evidence as to who were the heirs of the deceased party and as to whether they were parties to the suit, and if not, a new hearing should be ordered, making them parties thereto.

8. STATUTES—*court cannot extend statute to apply to class of cases which the legislature has omitted.* Where the language used in an act limits it to a certain class of cases the Supreme Court cannot extend the terms of the statute to other classes which the legislature has omitted, even though said classes ought to have been included.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

FRANCIS J. SULLIVAN, and HENRY P. HEIZER, for appellants.

MOSES, ROSENTHAL & KENNEDY, (ROBERT BACHRACH, and LESTER L. BAUER, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Robert Simpson, of Evanston, died on June 22, 1914. He had executed an instrument purporting to be his will on March 11, 1914. His heirs were his five daughters and two sons. Two of the daughters, one of the sons and John F. Boyer, a stranger, were nominated executors. These persons filed a petition in the probate court of Cook county for the probate of the will on August 4, 1914, in which they stated that they were willing to accept and undertake the trust confided to them in the will and prayed that the will might be considered for probate and letters testamentary issued to the petitioners if the will was admitted to probate. The value of the personal estate was stated not to exceed $15,000 and the real estate not to exceed $150,000. After due notice to the heirs and legatees there was a hearing on the petition on September 4 and probate of the will was denied. Several of the devisees and legatees were infants who were not heirs of the decedent, and no guardian *ad litem* was appointed for them. There was no appeal from the order denying probate, but a bill in chancery was filed by some of the minors praying that the judgment of the probate court of Cook county denying probate of the will be set aside and that they might have a hearing *de novo* on the petition. A demurrer to this bill was sustained, it was dismissed and the decree was affirmed. (*Simpson v. Simpson,* 273 Ill. 90.) On June 10, 1919, a petition to set aside the order of September 4, 1914, was filed in the probate court by Morris G. Leonard, guardian *ad litem* of the same three minor devisees who had filed the bill in chancery, showing the proceedings upon the petition for probate of the will, alleging that no guardian *ad litem* had been appointed for the minors, and averring that the testator was of sound mind and memory at the time of the execution of the will and executed it without influence, and that the will was entitled to probate. Answers were filed to this

petition, and on April 21, 1920, there was a hearing in the probate court and the order of September 4, 1914, refusing probate of the will, was set aside as to the minors. The court then proceeded to a hearing of the original petition, and upon a consideration of the evidence of the subscribing witnesses again denied probate of the will. The minors appealed from this order to the circuit court, where, after various preliminary motions, the cause was heard, and an order was entered on January 23, 1922, reversing the order of the probate court refusing probate of the will, admitting the will to probate, ordering the record and files returned to the clerk of the probate court, and directing that court to carry out the order admitting the will to probate. An appeal from that order has been taken to this court.

It is well settled that a judgment or decree against a minor without the appointment of a guardian *ad litem* to represent him in the suit is voidable and may be set aside by a proper motion made in the court where the judgment or decree was rendered and the minor allowed to make his defense, and this may be done at a term subsequent to that in which the judgment or decree was rendered. (*Simpson* v. *Simpson, supra; McCarthy* v. *Cain,* 301 Ill. 534.) The appellants do not dispute this proposition but claim the benefit of an act of the legislature which was passed in 1917, after the decision in the case of *Simpson* v. *Simpson, supra,* which provided in its second section that "all probate of wills declared before the taking effect of this act, wherein an heir, legatee or devisee was a minor, and no guardian *ad litem* was appointed to represent such minor·at or before the admission of such will to probate, be and they are hereby legalized to the same extent and purpose as if a guardian *ad litem* had been appointed to represent such minor." (Laws of 1917, p. 800.) This act was passed at the first session of the legislature after the decision of the case of *Simpson* v. *Simpson, supra,* and the appellants insist that its effect was to make valid the order of September 4, 1914,

while appellees contend that the act does not apply to this case, in which the will was denied probate, but only to cases where the will has been admitted to probate.

The language of the act appears clearly to include only cases of the admission of wills to probate,—that is, cases where due proof has been made of the execution of the will and it has been admitted to probate. The appellants insist that the phrase "admitted to probate" applies as well to a case where upon a hearing by the court the probate has been denied as to cases where probate has been allowed; that a will is probated when the witnesses have been heard and probate refused as well as when admitted to record. This is contrary to the meaning with which the word has been used. Blackstone in his Commentaries says in reference to the duty of an executor: "He must prove the will of the deceased, which is done either in common form, which is only upon his own oath before the ordinary or his surrogate, or *per testes* in more solemn form of law in case the validity of the will be disputed. When the will is so proved the original must be deposited in the registry of the ordinary and a copy thereof in parchment is made out under the seal of the ordinary and delivered to the executor or administrator, together with a certificate of its having been proved before him, all of which together is usually styled the probate." (2 Blackstone's Com. 508.) Probate of a will is defined in Bouvier's Law Dictionary as "the proof before an officer authorized by law that an instrument offered to be proved or recorded is the last will and testament of the deceased person whose testamentary act it is alleged to be. * * * The proof of a will is a judicial proceeding and the probate a judicial act. The party propounding the instrument is termed the proponent, and the party disputing, the contestant. In England proof *ex parte* was called probate in common form and proof on notice to the next of kin proof in solemn form. * * * If the judge, when both parties have been heard, decides in

favor of the will he admits it to probate. If against the will he rejects it and pronounces sentence of intestacy."

The probate of a will is a judicial act. (*Allen v. Dundas*, 3 T. R. 125; *Davis v. Gaines*, 104 U. S. 386.) The word "probate" implies a judicial determination, and a notarial will which has been registered in the country of the testator's residence, and thereby has become effective upon proof of his death, cannot be said to be admitted to probate. (*In re Connell Will*, 221 N. Y. 190.) A probate is a judicial act of a court having competent jurisdiction. (*Stevens' Exrs. v. Smart*, 4 N. C. 83.) To probate involves only a determination that the will was duly signed and published and that the testator was competent to make it. It simply establishes the validity of the will. (*In re Lamb*, 122 Mich. 239.) The probate of a will is the judicial act which establishes the validity of the will, and the appellants have cited no case in which the probate of a will has been held to mean the hearing of proofs, regardless of whether such proof resulted in the establishment of the will.

It is argued that the object of the act was to settle titles rendered uncertain by the decision in the case of *Simpson v. Simpson, supra,* and that there can be no reason, in the nature of things, why proceedings should be validated in the one case and not in the other. The argument is of a character to appeal to the judgment of the legislature but does not justify extending the meaning of the statute beyond the terms which the legislature has seen fit to use in enacting it. Where a will has been admitted to probate the statute which confers the right to contest wills preserves to minors this right after the removal of the disability of infancy, but if a will is refused probate there is no preservation of the right of appeal to infants, however seriously their rights may be affected. Though their rights may have been entirely disregarded they stand on the same footing as adults, and if an appeal is not taken in their behalf within the time required by law their rights are forever barred.

The legislature might have regarded this as a just reason for a distinction between orders admitting wills to probate and orders denying probate. At any rate, when the language used in an act limits it to a certain class of cases we have no right to extend its terms to other classes which the legislature has omitted, even though we think they ought to have been included.

The appellants make other objections to the order. They say that the petition to vacate the order of September 4, 1914, and admit the will to probate does not contain the jurisdictional averments required by the statute for a hearing as to the validity of the will, and that the method of service gave the court no jurisdiction over the persons of the necessary parties. This objection is founded on a misapprehension of the character of the proceeding. The petition for probate of this will was filed by the appellants or some of them. The petition of the appellees only sought a vacation of the order entered on the petition of the appellants and another hearing on that petition, and this was the order which was made. It set aside the order of September 4, and the court then proceeded to hear the case on the original petition. This was in accordance with the practice as directed in *McCarthy* v. *Cain, supra,* where it was stated that the order denying probate of the will should be set aside and a hearing had upon the petition to probate it, and the decree was reversed and the cause remanded, with directions for such hearing. The statute prescribes no form of service in such cases, and the form adopted by the court, which ordered notice by personal service or registered mail, was sufficient.

The appellants objected to the action of the court in permitting witnesses to express their opinion as to the testamentary capacity of Robert Simpson. In *Craig* v. *Southard,* 148 Ill. 37, it was held that all persons who have had the means of observation might give their opinion of the testator's mental capacity based upon their observation, but

that the weight or effect of their opinions would necessarily depend upon the means of knowledge of the witnesses and the facts upon which their opinions are based, and the opinions would be entitled to much, little or no weight, depending upon the facts upon which they are predicated and the intelligence and character of the witness. In *Garrus* v. *Davis,* 234 Ill. 326, it was held that while a witness may give his opinion as to the condition of the testator's mind and whether he was sane or insane, he may not state whether he was capable of executing a valid will. Such a statement would be merely the witness' conclusion as to testamentary capacity,—the very question the jury was to try,—and it was held incompetent in *Baker* v. *Baker,* 202 Ill. 595, and *Schneider* v. *Manning,* 121 id. 376. It was not error to permit witnesses, after detailing their opportunities of observation of the testator, to express their opinion as to his soundness of mind. In the case of one witness, however, the court overruled an objection to the question, "At the time that you formed this opinion as to his sanity, did you believe that he had sufficient mental capacity to make his will?" and the witness was permitted to answer the question. This was error, but in view of the whole testimony of the witness and all the evidence in the case we do not consider it of sufficient importance to require a reversal of the judgment.

It is also objected that some of the parties to the original petition and the heirs of some of the parties who had died were not notified of the petition to vacate the order denying probate. So far as Nellie C. Cornish and Belle McAllister are concerned, they were the beneficiaries of a small legacy to each under the will. Their only interest was that the will should be established. George Anderson, Sr., was the father of a minor legatee who died, leaving his father, mother and sisters his heirs. His mother and sisters were parties and were served with notice. His father was not a party, but he has no interest in the proceeding unless

the will shall be established. These three, then, Nellie C. Cornish, Belle McAllister and George Anderson, Sr., have got everything by the order which it was possible that they could have obtained. They are not complaining and the appellants cannot complain in their behalf.

Robert W. Simpson died December 29, 1921, while the appeal was pending in the circuit court, after he had entered his appearance in that court. The evidence does not show who were his heirs. The will of Robert Simpson, the testator, refers to two of the appellees as the children of Robert W. Three of the minor appellees are the children of Genevieve Lorge Simpson. Robert W. married their mother after his father's death. The testator in his will referred to two of them as the sons of his son Robert W., but in the whole record there is nothing to show who were the heirs of Robert W. He had been previously married and was divorced in 1909. There is no evidence whether he had any children by his first marriage; no evidence as to his relationship to the appellee Genevieve L. Simpson; no evidence (unless the statement of the testator in his will can be regarded as evidence) as to his relationship to the other two Simpson minors. His interest, and that of his heirs, if he has any except the minor appellees, is adverse to the minor appellees, and no final order which will be binding on that interest can be made without notice to his heirs. For this reason the order must be reversed and the cause will be remanded to the circuit court, with directions to hear evidence as to who were the heirs of Robert W. Simpson. If all his heirs are parties to the suit the court will re-enter the same decree. If there are other heirs who are not parties to the suit they should be made parties and there should be a new hearing of the cause.

*Reversed and remanded, with directions.*