(No. 25124.—▬▬▬▬▬
FANNY VOORHEES, Appellant, *vs.* KATHERINE H. DENNY *et al.* Appellees.

*Opinion filed June 19, 1939—Rehearing denied October 4, 1939.*

GUNN, J., took no part.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD, and ROBERT B. CHIPERFIELD, for appellant.

RALPH ROUSE, HUTTON, CLARK & HUTTON, ALFRED JOHNSON, HAROLD F. LINDLEY, and HORACE E. GUNN, for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

On June 28, 1935, an order was entered in the county court of Vermilion county, that an instrument purporting to be the last will and testament of Mary E. English, should be admitted to probate. From this order the appellant, Fanny Voorhees, took an appeal to the circuit court of Vermilion county and on October 20, 1937, on a hearing *de novo,* the circuit court entered a similar order that the will should be admitted to probate. From this order of the circuit court Fanny Voorhees prayed an appeal to this court but so far as this record shows it has never been perfected. It appears that no remanding order from the circuit court of Vermilion county was ever filed in the county court of that county and that nothing further was done in the Vermilion county county court prior to the commencement of the suit now before us for consideration.

This suit is in the form of a complaint to construe the will of Mary E. English and was filed in the circuit court of Sangamon county by Fanny Voorhees twenty-four days after the order had been entered by the circuit court of Vermilion county above mentioned. Defendants met this complaint with a motion to dismiss on the ground that an appeal was still pending in the circuit court of Vermilion county and also that because no remanding order had been filed in the county court of Vermilion county, nor any further proceedings had in that court, no will had been

admitted to probate and the circuit court of Sangamon county was therefore without jurisdiction to construe the instrument purporting to be a will. The circuit court of Sangamon county sustained this latter defense, dismissed the complaint and this appeal followed.

The issue which we have to determine is whether the will in question can be considered as having been probated in Vermilion county so that the circuit court of Sangamon county would have jurisdiction to entertain this suit to construe it. The appellants contend that the order of the circuit court of Vermilion county directing that the will be admitted to probate was a final judgment, binding upon all parties, and that the mere fact that no certified copy of the order of that court had been transmitted to the county court of that county does not impair the force or validity of that judgment. We believe that the finality of this judgment might be conceded without materially affecting the result of this appeal.

In *Simpson* v. *Anderson,* 305 Ill. 172, there was an appeal from an order of the probate court denying probate of a will. On a hearing in the circuit court an order was entered reversing this order of the probate court, ordering the records and files returned to that court and directing that the probate court carry out the order of the circuit court admitting the will to probate. There was an appeal from that order to this court and the appellants there insisted that the phrase "admitted to probate" applied as well to a case where probate had been denied as to one where it had been allowed, and that a will had been "probated" when the witnesses had been heard. This court denied that contention and adopted Blackstone's definition of "probate" when used as a noun: "He [referring to the executor] must prove the will of the deceased, which is done either in common form, which is only upon his own oath before the ordinary or his surrogate, or *per testes* in more solemn form of law in case the validity of the will be disputed. When

the will is so proved the original must be deposited in the registry of the ordinary and a copy thereof in parchment is made out under the seal of the ordinary and delivered to the executor or administrator, together with a certificate of its having been proved before him, all of which together is usually styled the probate." (2 Blackstone's Com. 508.) This definition indicates that the term "probate" when used as a noun, as distinguished from various portions of the procedure wherein the word is occasionally used as a verb, broadly contemplates the combined result of all the procedural acts necessary to the establishment of the will as a title instrument. The probate is not complete when the will is filed nor when the petition to admit it to probate is deposited with the clerk. Neither is it complete when the testimony of the subscribing witnesses has been taken and reduced to writing, nor even when the court has ordered that it be admitted to probate. It is only when all of these things combined have been done, and the will with its proofs and the order admitting it to probate have all actually become a part of the records of the county court, that it can be said the will has actually been "admitted to probate." For this purpose, even on appeal, the circuit court never acquires jurisdiction, but only the power to remand the cause to the county court with directions to admit the will to probate. *Schofield* v. *Thomas,* 231 Ill. 114.

In *O'Brien* v. *Bonfield,* 220 Ill. 219, there was an order of the county court that a will be admitted to probate and from that order an appeal was taken to the circuit court. In that court on trial *de novo* it was ordered that the will be admitted to probate and that it be spread at large upon the records. From that order there was an appeal to this court where the judgment was affirmed. (*O'Brien* v. *Bonfield,* 213 Ill. 428.) On March 6, 1905, more than two years after the original order of the county court, that court entered an order pursuant to the mandates of the circuit court and of this court. On April 11, 1905, a bill

to contest the will was filed in the circuit court pursuant to statute and the bill was demurred to on the ground that the suit was not brought within one year from the time of its probate. In that case we held that the probate of the will in the county court was not final and complete until the certified copy of the order of the circuit court had been filed in the county court, and that the bill to contest having been filed within one year of that time it was within the statute. We there pointed out that the effect of the appeal from the county to the circuit court was to suspend the operation of the order previously entered by the county court and to deprive the county court of all jurisdiction in the matter, except as to the appointment of an administrator to collect, until such time as the remanding order of the circuit court might be filed. We believe that the reasoning in that case conforms to Blackstone's definition of "probate" which we approved in *Simpson* v. *Anderson, supra*. Until the final steps in the act of probate had been taken there was nothing in the county court upon which letters testamentary could be issued nor which could be certified to some other jurisdiction for ancillary administration, nor shown on an abstract as a link in a chain of title. Until this necessary procedure was complete the will was not "admitted to probate."

This suit was prematurely brought and the circuit court of Sangamon county did not err in sustaining the motion to strike and dismissing the complaint for want of jurisdiction. Its decree is affirmed.     *Decree affirmed.*

Mr. Justice Gunn took no part in this decision.