ESTATE OF EVANGELOS BASIL TASSARAS, Deceased, Plaintiff-Appellee, v. WILLIAM A. MICHAS *et al.*, Defendants-Appellants.

Third District   No. 3—09—1032

Opinion filed October 15, 2010.

Cory D. Lund and A. Michael Wojtak, both of Tracy, Johnson & Wilson, of Joliet, and Daniel F. Marren, of Peter J. Latz & Associates, LLC, of Oak Park, for appellants.

Roman R. Okrei, of Lockport, and Lawrence Varsek, of Joliet, for appellee.

JUSTICE SCHMIDT delivered the opinion of the court:

William A. Michas was named executor of Evangelos Basil Tassaras's estate on the admission to probate of a will created in 1993 (American will). Subsequently, a petition was filed to admit to probate a will created in 1996, in Athens, Greece (Greek will). Michas and others appeal the circuit court's decision admitting the Greek will to probate. We affirm.

## FACTS

The American will was admitted to probate on appellants' petition. Over one year later, a petition was filed to admit the later-in-time Greek will. Attached to this petition was an apostille (hereinafter Apostille) created pursuant to the Convention Abolishing the Requirement of Legalisation for Foreign Public Documents. Convention Abolishing the Requirement of Legalisation for Foreign Public Documents, concluded October 5, 1961, 33 U.S.T. 883 (hereinafter Hague Convention). The Hague Convention provides for a simple method of authenticating the public documents of a signatory country in other signatory countries. Hague Convention, arts. 1, 3. Public documents under the treaty include court documents and certificates of notaries. Hague Convention, art. 1, par. (d). Under the treaty, a proper apostille is sufficient to certify foreign public documents, such as the material in this Apostille. Hague Convention, arts. 2, 3. No questions have been raised as to the authenticity of the Apostille.

The Apostille contains the minutes of a court hearing in Piraeus, Greece, on February 9, 2007. The minutes of the hearing include the verbatim reading of the Greek will into the record. Affidavits of Michael G. Papazissis were included in subsequent amendments to the petition to admit the Greek will. Papazissis is a Greek attorney. His affidavits include explanations of Greek law and translations of certain Greek codes.

Papazissis's affidavits and the Apostille explain how wills are made legally operative in Greece. First, an individual recites his will to a notary in front of witnesses. The notary reduces it to a writing that is then signed by the notary, witnesses and the testator. When the notary is informed of the testator's death, he or she presents the will to the proper court. The recorded intentions of the testator are read verbatim into the public record and are certified by the court. The public court record is the official will of the testator and is upheld by the courts in Greece. This public record is available to anyone who requests it.

After numerous motions, the circuit court held a hearing on the fourth amended petition to admit the Greek will to probate and a motion to strike the affidavits of Michael G. Papazissis. The court granted

the petition to admit the Greek will to probate. No ruling was entered regarding the petition to strike the Papazissis affidavits. However, the circuit court did rely on the Papazissis affidavits in its findings.

## ANALYSIS

Appellants raise two issues. First, they argue that the circuit court should have granted their motion to strike the Papazissis affidavits. Second, they argue that the Greek will was not sufficiently proven under section 7—3(b) of the Probate Act of 1975 (the Act) to be admitted to probate. 755 ILCS 5/7—3(b) (West 2008).

### A. Papazissis Affidavits

■ Appellants assert the Papazissis affidavits (affidavits) should be stricken because they: (1) do not include sworn or certified copies of all papers on which the affiant relies; (2) contain conclusions of law; and (3) are not on the personal knowledge of Papazissis. These requirements are found in Supreme Court Rule 191(a) and apply to motions for summary judgment. 210 Ill. 2d R. 191(a). Appellants contend that the petition to admit was in the form of a motion for summary judgment and, therefore, was a motion for summary judgment and subject to Supreme Court Rule 191(a).

Summary judgment disposes of the issues decided with finality. See *Arangold Corp. v. Zehnder*, 187 Ill. 2d 341, 358, 718 N.E.2d 191, 201 (1999). Admission of a will to probate is not a final adjudication on the merits. *Robinson v. First State Bank of Monticello*, 104 Ill. App. 3d 758, 761-62, 433 N.E.2d 285, 288 (1982); *In re Estate of Ketter*, 63 Ill. App. 3d 796, 800, 380 N.E.2d 385, 388 (1978) (stating admission to probate is merely a *prima facie* case of validity).

The admission of the Greek will to probate is merely *prima facie* evidence of its validity. The Greek will can still be attacked in a will contest by evidence that overcomes the *prima facie* case. As this was not a final adjudication of the issue, it is not in the form of a motion for summary judgment and not subject to the requirements of Supreme Court Rule 191(a). The circuit court properly relied on the affidavits.

### B. Proof of the Greek Will

■ Appellants argue that the Greek will was improperly admitted to probate because the statutory requirements for proving a will were not met. Appellants submitted the will pursuant to section 7—3(b) of the Act. 755 ILCS 5/7—3(b) (West 2008). Section 7—3(b) allows proof of a foreign will by providing a copy of the will along with a certificate from the legal custodian of the will that the copy is a true copy and that the will has become operative by the laws of that country. Appellants claim that no certificate of the custodian was presented.

This court notes at the outset that no precedent is available to guide its decision on this issue. Yet, there are general probate principles that will guide the decision. First, the Act is to be construed liberally and the common law rule that statutes altering the common law will be construed strictly is not applicable. 755 ILCS 5/1—9 (West 2008). Second, "[t]he law favors admission of a will to probate." *In re Estate of Jacobson*, 75 Ill. App. 3d 102, 106, 393 N.E.2d 1069, 1072 (1979).

In this case, we have an authenticated copy of a public court record from Greece. This is the Greek will. The Apostille authenticates that record for the court. Hague Convention, art. 1, pars. (a), (c); Hague Convention, arts. 3, 4. No questions can be raised concerning the authenticity of the documents certified by the Apostille because the Hague Convention, as a treaty, is the supreme law of the land and Illinois cannot alter its requirements. U.S. Const., art. VI, cl. 2; *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 346-47, 165 L. Ed. 2d 557, 576, 126 S. Ct. 2669, 2679-80 (2006); *State of Missouri v. Holland*, 252 U.S. 416, 434, 64 L. Ed. 2d 641, 648, 40 S. Ct. 382, 384 (1920). The first requirement of section 7—3(b) is satisfied, and we now look to the remaining requirements.

In addition to a certified copy of the will, section 7—3(b) also requires a certificate from the legal custodian of the will that the will has become operative in Greece. The Apostille also serves as the certificate. This is because in Greece the public court record is the legal will of the decedent. By furnishing an authentic copy of the court record, the court, in effect, says "this is the will of the testator and it is operative in Greece." As the public record is the legally operative will in Greece, the certificate is from the legal custodian of the will. This is sufficient to admit the will to probate under section 7—3(b).

This will could also be admitted to probate under section 7—3(a) of the Act. 755 ILCS 5/7—3(a) (West 2008). Section 7—3(a) allows a will that has been admitted to probate outside of Illinois to be admitted to probate here if an "authenticated copy of the will and the probate thereof" are presented to the court. 755 ILCS 5/7—3(a) (West 2008). Probate is the judicial act that establishes the validity of a will. *Simpson v. Anderson*, 305 Ill. 172, 175, 137 N.E. 88 (1922). The Greek system of probate does not fit neatly into our notions of what probate should look like, but the Greek will "by judicial act" is legally binding in Greece. In fact, appellants conceded at oral argument that the judicial action taken in Greece could be considered probate. The Apostille is sufficient to comply with the requirements of section 7—3(a). It is an authenticated copy of the will and a copy of the probate thereof.

## CONCLUSION

The motion to admit the Greek will to probate was properly granted by the circuit court. It was not a final decision on the validity of the Greek will and, therefore, not in the form of a motion for summary judgment. The evidence presented in the circuit court was sufficient to prove the Greek will under either section 7—3(a) or (b). The trial court did not err in admitting it to probate.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

McDADE and O'BRIEN, JJ., concur.