**In re the Application of Donald R. Smith, County Treasurer.**
**Vera Place, Petitioner for Tax Deed Chicago Title and Trust Company, Trustee Under Trust Deed No. 43901, Appellant, v. V. Place, Appellee.**

Gen. No. 64–13.

Second District.

June 15, 1964.

Kenart M. Rahn, of Chicago, for appellant.

Reis and Kula, of Lombard, for appellee.

CARROLL, J.

This is an appeal from an order of the county court of DuPage County striking the petition of Chicago Title and Trust Company, Trustee under a certain trust agreement, brought under sec 72 of the Civil Practice Act (Ill Rev Stats 1959, c 110, § 72) to vacate an order directing the issuance of a tax deed.

On November 12, 1958 the real estate which is the subject of this proceeding was sold to the respondent, V. Place (referred to herein as the defendant) for the unpaid 1957 general taxes, and certificates of purchase were issued to her. On August 8, 1960, the defendant filed a petition in the county court of DuPage County for an order directing the issuance of a tax deed. On December 16, 1960 the county court entered an order directing the County Clerk to issue such deed to defendant. The order recites a finding that a motion showing the filing of the petition and the hearing thereon was served by the petitioner upon Arthur T. McIntosh, in whose name the property was last assessed, upon "Wheaton National Bank Trust #576 being the parties interested in said real estate," upon the County Clerk of DuPage County; that the said premises are vacant and unoccupied; that petitioner caused notice of her purchase of the property at the tax sale and of her application for a deed as required by law to be published in the Naperville Sun, a newspaper of general circulation in DuPage County. A deed issued pursuant to such order was recorded on December 20, 1960.

The property was described in the certificates of purchase as "Lot 20 and 21 Northwoods, DuPage County, Illinois (same as described in Doc. 659621)"; and as being assessed to Arthur T. McIntosh.

On September 20, 1962, the Chicago Title and Trust Company, Trustee (referred to herein as plaintiff) under a trust in which Otto C. Stephani is a beneficiary, filed the instant petition in the county court praying that the order of December 16, 1960 be vacated and set aside. The petition alleges in substance, that plaintiff acquired title to the premises in question on November 15, 1961, by a deed from Otto C. Stephani and Marilyn Stephani, his wife, which was recorded

191

January 12, 1962; that Stephani acquired title by two deeds from the trustee of the bankrupt estates of Helen E. and Joseph J. Bird; that these deeds were dated October 30, 1961 and recorded November 21, 1961; that prior to July 2, 1959, and at all times material hereto title to the premises was in Arthur T. McIntosh & Company, a Delaware corporation; that the tax sale at which defendant purchased the premises was null and void for the reason that the description of the premises is vague, indefinite and void in that it appears there are two subdivisions in DuPage County bearing the name of "North Woods"; in that the term "Doc. 659621" has no definite meaning because the place of recording is not given and in that the description does not refer to the number and description of said property as set forth in the plat as required by chap 120, Ill Rev Stats, sec 516; that for the same reasons the tax certificates issued to defendant are void; that for substantially the same reasons the county court in entering the order of December 16, 1960, acted without jurisdiction or in the alternative its jurisdiction was obtained by fraudulent concealment on the part of the defendant; that plaintiff perpetrated a fraud upon the court by stating in an affidavit that she exercised due diligence to determine the owner of the premises by placing the publication notice of redemption expiration in a newspaper in DuPage County which she knew or should have known would not reach the true owners of the said property; in filing an affidavit stating that she served notice on one McPheeter as owner of the property; by publishing a notice incorrectly describing the property; by failing to make diligent inquiry to learn the persons interested in the property; that the property in question is located North of the Village of Wheaton; that defendant knew that Naperville is in the Southerly portion of DuPage County, and knew that the

192

newspaper known as the "Naperville Sun" would have little, if any, circulation in the Northern portion of DuPage County; that plaintiff was prevented from redeeming the property by the fraudulent acts of defendant as alleged. The petition concludes with an offer to pay defendant such sums as she may be entitled to under the laws relating to the redemption of real property from tax sale.

Thereafter defendant filed an answer denying the allegations of the petition and asserting that the same should be dismissed for failure to allege grounds sufficient to afford jurisdiction under sec 72 of the Civil Practice Act. As a part of the answer the defendant alleged that the said petition should be stricken as being filed untimely and in failing to allege sufficient jurisdictional grounds under sec 72. On April 18, 1963 the Court entered an order striking the petition and this appeal followed.

█ It is apparent from the record that the trial court's order was entered on the defendant's motion to strike the petition and without regard to such denials of the plaintiff's allegations as appeared in the answer. A motion to strike a petition must be taken to admit all well pleaded allegations of fact. Lichter v. Scher, 4 Ill App2d 37, 123 NE2d 161. In judging the sufficiency of plaintiff's petition, we are required to observe such rule.

█ █ The Supreme Court has held that a petition containing appropriate allegations charging fraud in connection with the issuance of a tax deed is entitled to a hearing under sec 72 of the Civil Practice Act. People ex rel. Wright v. Doe, 26 Ill2d 446, 187 NE2d 222; Remer v. Interstate Bond Co., 21 Ill2d 504, 173 NE2d 425. Accordingly we are here concerned solely with the question whether plaintiff has alleged facts sufficient to constitute fraud. It is alleged that defendant committed a fraud upon the court in failing to

exercise due diligence to determine the owner of the property, in publishing notice of the application for a deed in a newspaper which she should have known would not reach the true owners of the property, and in omitting a correct legal description in such notice, in serving notice upon Wheaton National Bank, Trustee, as an owner or person interested in the property at a time when the records of DuPage County disclosed that said bank was not such an owner, and in describing the property as Lots 20 and 21, Northwoods, DuPage County, Illinois when defendant knew or ought to have known that there were two subdivisions in that county each bearing the name of Northwoods. It is apparent that by these allegations plaintiff undertook to call the court's attention to facts tending to establish that defendant had deliberately concealed notice of its application for a tax deed. This is a matter which is not in the record and obviously was not passed upon by the county court. If what plaintiff has alleged is true, then we think it was sufficient to warrant relief under section 72. Whether or not plaintiff upon a hearing will be able to substantiate the charge that defendant sought to conceal notice of its application for a tax deed is a matter to be determined upon a hearing. We express no view with reference to the conclusion which the trial court might reach upon such a hearing.

Defendant argues that certain of the defects in the proceedings which are pointed out are attributable to mistake and show no design to deceive the defendant. Whether or not such is the fact is a matter to be determined on a hearing and with which this court is not concerned.

██ We are aware that sec 72 may not be employed to resurrect and re-try issues previously adjudicated by valid means. But where a judgment is obtained by fraud, recourse may be had to sec 72 and there-

194

under the court has power to grant relief. On the subject of the availability of sec 72 in such situations the Supreme Court in the Remer case, supra, had this to say:

"Finally we come to the contention of petitioner that she is entitled to a hearing on her allegation of fraud. That petitioner is entitled to a hearing on this allegation is evident under section 72 of the Civil Practice Act. (Ill Rev Stats 1959, chap 110, par 72) She sought to allege a conspiracy to conceal the proceedings from her: a matter not appearing in the record which, if known to the court at the time of the judgment, would have prevented its rendition. This matter had not been in issue, nor had it been passed upon, and if true would clearly be sufficient to warrant relief under section 72. Cf. Southmoor Bank and Trust Co. v. Willis, 15 Ill2d 388.

"It is true that where a court has jurisdiction of the parties and the subject matter its judgment is not subject to collateral attack. (Cherin v. The R. & C. Company, 11 Ill2d 447.) This does not mean, however, that a judgment obtained by deception may not be questioned after the expiration of thirty days. If proceedings regular in form are tainted with fraud or coercion, the court is not helpless to grant relief. The legislative policy favoring conclusiveness in the county court's determination does not displace the higher policy of the law which requires a remedy for every wrong. If the order was obtained by fraud, as petitioner alleges, elementary principles of law require that relief be granted."

Upon careful review of this record we conclude that the trial court erred in denying plaintiff a hear-

195

ing on its petition. Accordingly the order of April 18, 1963 is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

ABRAHAMSON, P. J. and MORAN, J., concur.