Estate of Alex Arcicov, a/k/a Alexander Arcicov, a/k/a Andrzej Majewski, Deceased.

The County of Cook, a Political Body, and Charles J. Fleck, Former Administrator, Petitioners-Appellees, v. Joseph Majewski, a/k/a Jozef Majewski, Respondent-Appellant.

**Gen. No. 51,901.**

First District, First Division.

April 8, 1968.

Stanley Werdell, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division, and Donald J. Veverka, Assistant State's Attorney, of counsel), for appellee, County of Cook.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an appeal from an order of the Probate Division of the Circuit Court of Cook County, which amended a table of heirship in a decedent's estate after the estate had been closed for five years. The petition to amend was in the nature of a petition under section 72 of the Civil Practice Act.

The petition filed by "The County of Cook" on February 21, 1962, shows that Alex Arcicov died intestate on December 12, 1955, a resident of Chicago. Letters of

administration were issued to the then Public Administrator on December 13, 1955. After a hearing in which Joseph Majewski, respondent in the instant proceedings, testified that he was the only surviving child of the decedent and his first wife, a declaration of heirship was entered in the Probate Court of Cook County on January 19, 1956. The declaration found that Alex Arcicov, also known as Alexander Arcicov, also known as Andrzej Majewski, deceased, left him surviving as his only heir at law and next of kin, Joseph Majewski, a son, the respondent here.

The petition alleges that on April 23, 1956, October 31, 1956, and November 8, 1956, hearings were had in the Probate Court on motions of the Public Administrator to vacate the table of heirship. On November 8, 1956, the court overruled the motion to vacate the table of heirship, and on *November 30, 1956,* the estate was closed and distribution of the assets was made. The petition further alleges:

> "9.   Subsequently, documents, affidavits and certificates of birth, death and marriage certificates, relating to the decedent and Josef Majewski have been received by the State's Attorney of Cook County.

> "10.   That on January 27, 1962, an affidavit executed by Tesfil (sic) Krupinski, a nephew by marriage, but not by consanguinity, alleges that one Josef Majewski is not the heir of decedent, was received by the State's Attorney of Cook County. Said affidavit is attached to and made a part hereof.

> "11.   That said documents tend to prove that Josef Majewski in fact was not an heir of said decedent and thus falsely and mistakenly testified at the hearing on January 13, 1956.

> "12.   On information and belief based on the aforementioned documents, petitioner has reason to believe

that the decedent 'did in fact leave him surviving no known heirs at law.'

"13. Apropos above, the order of heirship entered on January 19, 1956, the escheat rights of Cook County, as provided for by paragraph 9, Section 11 of the Probate Act have been precluded.

"Prayer: That the above estate be re-opened; that the Order entered January 19, 1956, be vacated; that additional hearings be held so that a proper Order as to a true and correct heirship may be entered."

Subsequent to the filing of the instant petition, hearings were had and numerous documents, many in the Polish language, were received in evidence and over objections of respondent. On June 19, 1964, an order was entered in the Probate Court, which decreed "that the heretofore entered Table of Heirship be and is hereby amended to show that the decedent, Alexander Arcicov, died a resident of the County of Cook, State of Illinois, leaving no known heirs or legal representatives capable of inheriting the same." This is the order with which we are now concerned.

On appeal, the determinative contention of Joseph Majewski, the respondent, is that "the order amending the original declaration of heirship is void for want of jurisdiction of the subject matter and the court therefore erred in failing to sustain the defense of res judicata." Respondent's other contentions, which relate to the evidence admitted and the findings and conclusions of the trial court, need not be considered, and the motion of respondent to strike certain portions of the supplemental record, which was taken with the case, is hereby denied.

The contentions of petitioner, the County of Cook, include: (1) The trial court had jurisdiction to amend the original order of heirship; (2) Orders declaring heirship

and closing an estate can be set aside at any time upon proper grounds; and (3) The order of heirship could be vacated because it was obtained by fraud.

The petitioner argues, "Traditionally, and by the very nature of heirship proceedings, orders setting forth a table of heirship or closing an estate have been subject to later amendment. As to heirships, this is apparent from our statute, which provides that:

> " 'An order of the court declaring heirship whether heretofore or hereafter made, is prima facie evidence of the heirship, but any other legal method of proving heirship may be resorted to by any party interested therein in any place or court where the question may arise.' Ill Rev Stats c 3, § 58 (1965).

"Similarly, Section 308a allows the reopening of estates after they are closed. Moreover, frequently the appellate courts have been presented with proceedings where there have been motions to vacate an heirship or to reopen an estate, and in none of these cases has it even been argued that such efforts were barred by res judicata. [In re Estate of Enoch, 52 Ill App2d 39 (1964); In re Estate of McGovern, 338 Ill App 187 (1949).]"

■ We agree that the original declaration of heirship entered on January 19, 1956, was "prima facie evidence of the heirship," and it was subject to amendment during the remaining period of the administration of the estate.

■ We further agree that section 72 may be appropriately used in probate proceedings and for the relief sought here. Petitioner cites In re Application of Smith, 49 Ill App2d 189, 199 NE2d 420 (1964), where it is said (p 194):

> "We are aware that sec 72 may not be employed to resurrect and re-try issues previously adjudicated by valid means. But where a judgment is obtained by fraud, recourse may be had to sec 72 and thereunder the court has power to grant relief. . . . 'If

the order was obtained by fraud, as petitioner alleges, elementary principles of law require that relief be granted.' "

██ However, we have reservations as to when and under what circumstances an amendment may be made to a table of heirship after an estate has been closed and the assets distributed. The use of section 72 includes the application of subsection (3), which provides:

"The petition must be filed not later than 2 years after the entry of the order, judgment or decree. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years."

Therefore, the time within which such a proceeding may be brought is a condition essential to the jurisdiction of the court, and the court has no jurisdiction or power to entertain such a proceeding after the statutory period has passed. (Heuberger v. Schwartz, 41 Ill App2d 28, 30, 190 NE2d 163 (1963).) Although the period of administration of an estate is limited by statute, it is somewhat uncertain and dependent upon the facts as to when a decedent's estate may be closed and the assets distributed. Therefore, we think the limitation period of subsection (3) should commence on the date of the approval of the final account and the closing of the estate.

██ We have examined the record in the light of the foregoing guidelines. As previously observed, the County's petition was filed more than five years after the closing of the estate and the distribution of the assets and more than three years after the two-year limitation period of subsection (3). If there was any time during which the County was under any "legal disability," or the ground for relief was "fraudulently concealed" by

respondent, that time was to be excluded in computing the period of two years.

Petitioner does not contend that the County was under any legal disability at any time but asserts fraud in the heirship claim of respondent and in his testimony on which the declaration of heirship of January 19, 1956, was based.

The record shows that during the period of administration of the estate, repeated attempts were made to amend the table of heirship on the ground that respondent was not an heir at law, all of which were denied after a hearing. In the hearing on April 23, 1956, respondent offered evidence and witnesses to sustain his claim that he was the son of the decedent, and on May 2, 1956, an order was entered confirming the original declaration of heirship. On the hearing prior to the order of November 8th, the court stated: "At this time, I will enter your motion and continue it to November 8th at 2:30. Now you will write an order up that your motion to vacate is continued to November 8th with the understanding that unless you have positive affirmative proof that someone in this case is mistaken or lying, or that you have positive proof that somebody else is the heir of this Mr. Arcicov or this Mr. Majewski, at that time I will deny your motion to vacate on November 8th unless you have that proof." Following these remarks, and on November 8th, the petition to amend the heirship was denied and the date for the filing of the final account was continued to November 14, 1956, and it was approved on November 30, 1956.

The foregoing shows that respondent's relationship to the decedent was repeatedly questioned by the Public Administrator during the period of administration, but there was no showing or claim made in the instant proceedings that respondent at any time concealed any of the evidence now relied upon by petitioner in seeking to amend the declaration of heirship.

■ We find that the instant petition of the County of Cook, filed on February 21, 1962, was not filed within the two-year limitation period of section 72, which commenced on November 30, 1956, the date of the closing of the estate. Therefore, it failed to meet a condition essential to the jurisdiction of the court. During this period the County was not under any legal disability and the ground for relief was not fraudulently concealed. Consequently, there was no period of time during which the limitation period was suspended. We conclude that the Circuit Court was without jurisdiction to consider the petition or to amend the declaration of heirship.

For the reasons given, the order of the Probate Court entered on June 19, 1964, amending the table of heirship, is reversed, and the petition is hereby dismissed.

Order reversed and petition dismissed.

BURMAN, P. J. and ADESKO, J., concur.