MARY E. O'BRIEN et al.

v.

THOMAS P. BONFIELD et al.

*Opinion filed February 21, 1906—Rehearing denied April 4, 1906.*

1. WILLS—*time of filing bill to contest a will is jurisdictional.* Section 7 of the Statute of Wills is the only authority for the exercise by a court of chancery of jurisdiction to entertain a bill to contest a will, and this jurisdiction can only be exercised when the bill is filed within the time therein specified.

2. SAME—*probate of will is not complete while appeal is pending.* An appeal from an order of the county court admitting a will to probate suspends the operation of the order, and the probate is not complete until the certified copy of the order of the circuit court admitting the will to probate in that court is filed in the county court, from which time the parties interested have one year in which to file a bill to contest the will.

APPEAL from the Circuit Court of Iroquois county; the Hon. ALBERT O. MARSHALL, Judge, presiding.

On October 5, 1903, the last will and testament of Mary A. Williams was admitted to probate by the county court of Iroquois county. On October 22, 1903, Michael G. O'Brien, one of the heirs-at-law, appealed from this order of the county court to the circuit court of Iroquois county. On March 27, 1904, the appeal was heard *de novo* by the circuit court, and an order entered admitting the will to probate and directing that it be spread at large upon the records of the circuit court, that a certified copy of the order of the circuit court be filed in the county court and the original will be transmitted to the county court, there to remain as provided by law. From this judgment of the circuit court Michael G. O'Brien appealed to this court, where the judgment was affirmed on February 7, 1905. (*O'Brien* v. *Bonfield,* 213 Ill. 428.) On March 6, 1905, the county court entered an order reciting that a certified copy of the order of the circuit court had been filed in that court, together with a copy of the order of affirmance by the Supreme Court.

On the 11th of April, 1905, Mary E. O'Brien, Sarah A. O'Brien, Catharine O'Brien and Eugenie M. O'Brien filed their bill in the circuit court of Iroquois county to contest the will of Mary A. Williams. In addition to the facts above stated the bill alleged that the appeal to the circuit court from the order of the county court admitting the will to probate not only operated as a stay of proceedings, but also nullified the order of the county court admitting the will to probate; that it was not until the order of March 6, 1905, was entered by the county court that the probate of the will was complete; that the original will was not spread at large upon the records of the county court until after the order of March 6, 1905; that on November 3, 1903, Thomas P. Bonfield presented his petition to the county court setting up the necessity for the appointment of an administrator to collect and preserve the estate, and the court, in pursuance of this petition, appointed Bonfield such administrator; that on account of all these facts the probate of the will was not completed until the final affirmance by the Supreme Court. As grounds of contest the bill alleged undue influence and mental incapacity of the testatrix; that the attorney who drew the will, and who was named as its executor, failed to give the testatrix disinterested advice; that one of the witnesses was incompetent as an attesting witness.

On April 17, 1905, Michael G. O'Brien filed a cross-bill containing substantially the same averments as the original bill and seeking the same relief. An amended bill and cross-bill were subsequently filed, in which it was sought to excuse the failure to file the original bill within one year from the date of the probate of the will in the county court because of the pendency of the appeal of O'Brien, the appointment of the administrator to collect, and the final entry of the order of March 6, 1905, in the county court.

Demurrers were filed to the various bills questioning the jurisdiction of the court upon the ground that the suit was not brought within one year from the time of the probate

of the will in the county court. The demurrers were sustained upon these grounds and the bills dismissed. Appellants stood by their bills and perfected their appeal to this court.

OTTO GRESHAM, and A. F. GOODYEAR, for appellants:

The one year in which to file the bill in chancery to contest the probate of a will in this State means one year from the date of the final order in the county or probate court in the event of an appeal to the circuit and Supreme Court. *Connolly* v. *Connolly,* 32 Gratt. 657; *Luther* v. *Luther,* 122 Ill. 558; *Wills* v. *Sprogg,* 3 Gratt. 555.

The appeal from the county court to the circuit, and thence to the Supreme Court, is part of the probate of a will. Statute of Wills, secs. 2, 13, 14; *Andrews* v. *Black,* 43 Ill. 256; *Heirs of Critz* v. *Pierce,* 106 id. 167; *Claussenius* v. *Claussenius,* 179 id. 545; *Keister* v. *Keister* 178 id. 103; *Trust Co.* v. *Brown,* 183 id. 42; *Wright* v. *Simpson,* 200 id. 56.

On appeal from the county court to the circuit court the trial is *de novo,* and a final judgment or an order should be entered to determine the rights of the parties. *Lovell* v. *Divine,* 12 Ill. App. 50; *Penn's Admr.* v. *Oglesby,* 89 Ill. 118; *Baker* v. *Estate of Thompson,* 98 id. 78.

FREE P. MORRIS, and FRANK L. HOOPER, for appellees:

Where the will is admitted to probate in the county court, the suit to contest the will in chancery must be commenced within one year after the probate of the will in the county court, except as to infants and persons not of sound mind. Statute of Wills, sec. 7.

By the general jurisdiction of courts of equity a bill will not lie to set aside a will or its probate independently of statutes conferring such jurisdiction. The power to entertain a bill for that purpose is derived exclusively from the statute,

and the jurisdiction can be exercised only in the manner and under the limitations prescribed by section 7 of the Statute of Wills. The time within which such bill may be filed under the statute by any person is jurisdictional. The statute is not a limitation law. *Sharp* v. *Sharp*, 213 Ill. 332; *Jele* v. *Lemberger*, 163 id. 338; *Spaulding* v. *White*, 173 id. 127; *Luther* v. *Luther*, 122 id. 558; *Wheeler* v. *Wheeler*, 134 id. 522; *Sinnet* v. *Bowman*, 151 id. 146; *Storrs* v. *Hospital*, 180 id. 368; *Trust Co.* v. *Brown*, 183 id. 42; *Keister* v. *Keister*, 178 id. 103.

The taking of an appeal from an order admitting a will to probate does not operate to vacate the judgment of the county court appealed from. An order of the probate court allowing or disallowing the probate of the will is final and conclusive, unless, on appeal in the time and in the manner provided by statute, it shall be reversed by the judgment of the higher court. *In re Will of Storey*, 120 Ill. 244.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The sole question in the case is as to the ruling of the court in sustaining the demurrers and dismissing the bills. A court of equity has no inherent jurisdiction to entertain a bill for the contest of a will. Aside from statutory enactments this jurisdiction is entirely wanting. It therefore follows that any jurisdiction which it may have is by authority of the statute and must be construed in accordance with the terms therein employed. (*Jele* v. *Lemberger*, 163 Ill. 338; *Storrs* v. *St. Luke's Hospital*, 180 id. 368; *Chicago Title and Trust Co.* v. *Brown*, 183 id. 42; *Sharp* v. *Sharp*, 213 id. 332.) Section 7 of the Statute of Wills is the only enactment conferring this jurisdiction. It provides that when any will, testament or codicil shall be exhibited to the county court for probate it shall be the duty of the court to receive the probate of the same without delay, and to grant letters testamentary and to do all needful acts to

enable the parties to make settlement of the estate at as early
a date as shall be consistent with the rights of the respective
parties; provided, however, that if any person interested
shall within one year after the probate of the same in the
county court, appear and by bill in chancery contest the va-
lidity of the same, an issue at law shall be made up whether
the writing produced be the will of the testator or not, which
shall be tried by a jury in the circuit court of the county
wherein such will, testament or codicil shall have been proven
and according to the practice in courts of chancery in similar
cases; but if no such person shall appear within the time
aforesaid the probate shall be forever binding and conclusive
on all of the parties concerned, save, etc. We have held in
a great many cases that this provision is not a statute of limi-
tations, but is merely a grant of jurisdiction to the circuit
court, (*Sinnet* v. *Bowman,* 151 Ill. 146,) and that the juris-
diction conferred can only be exercised in the mode and
under the limitation prescribed in the statute, and that the
time limited for the filing of the bill to contest a will is ju-
risdictional and must be strictly construed. (*Wheeler* v.
*Wheeler,* 134 Ill. 522.) The question must therefore be,
when is the will of Mary A. Williams to be regarded as pro-
bated in the county court?

It is true the proviso to section 7, *supra,* limits the right
to file a bill to contest a will to "within one year after the
probate of such will, testament or codicil in the county court,
as aforesaid;" but what is the proper construction of that
language, considered in connection with other sections of
the same chapter? Section 14 provides, "appeals may be taken
from the order of the county court allowing * * * any
will to probate to the circuit court of the same county, * * *
and the trials of such appeals shall be *de novo.*" Upon such
appeal, if the will is admitted to probate, it is probated in the
circuit court and not in the county court, and there being
no provision in the statute authorizing a contest by bill in
chancery after probate in the circuit court, (more than a

year after probate in the county court,) and the right to file
such a bill being purely statutory, it is contended that a court
of equity is without jurisdiction to entertain such a bill. In
other words, the position of counsel for appellees is, in such
case the date of the probate in the county court fixes abso-
lutely the date when the year in which a bill in chancery
may be filed shall begin to run, and they insist that this view
finds support in the thirteenth section, which allows an ap-
peal from the order of the county court *refusing* to admit the
will to probate, providing that "in case probate of such will
shall be allowed on such appeal, it shall be admitted to pro-
bate, *liable, however, to be subsequently contested, as pro-
vided in the case of wills admitted to probate in the first
instance.*"

However plausible this argument may be, we are of the
opinion that section 14 must be construed in connection
with sections 7 and 18, the latter of which requires all origi-
nal wills, together with the probate thereof, to remain in the
office of the clerk of the county court of the proper county,
thus clearly indicating the intention on the part of the legis-
lature that the administration of all estates of deceased per-
sons in this State shall be had in the county court, and that
although the will may be probated in the circuit court, the
original will, together with the probate thereof, shall be
returned by the circuit court to the county court,—and that
seems to have been the practice adopted in this case. The
record shows that on March 27, 1904, the appeal was heard
*de novo* in the circuit court, and an order entered admitting
the will to probate and directing that it be spread at large
upon the records of the circuit court; that a certified copy
of the order of the circuit court be filed in the county court
and the original will be transmitted to the county court,
there to remain as provided by law. There can be no doubt
but that the appeal from that order to this court operated to
stay all proceedings in the circuit court until the final deci-
sion in this court. It also appears that after that judgment

of affirmance, on March 6, 1905, the county court entered an order reciting that a certified copy of the order of the circuit court had been filed in the county court, together with a copy of the order of affirmance by this court.

We are of the opinion that, construing these several sections of the statute together, it should be held that the probate of the will in the county court was not final and complete until the certified copy of the order of the circuit court had been filed in the county court, which was March 6, 1905, and that the bill in chancery to contest the will being filed February 11, 1905, was within one year after the probate of the same in the county court. Manifestly, the appeal to the circuit court had the effect to suspend the operation of the order of the county court admitting the will to probate. Pending that appeal nothing could be done in the county court by way of administering upon the estate except to appoint an administrator to collect.

If the appeal to the circuit court had resulted in an order refusing probate of the will and that order had been affirmed by this court there would have been no occasion or reason for filing a bill to contest the same. If, on the other hand, the contestants had immediately filed their bill in chancery upon the entry of the order of the county court admitting the will to probate, and a decree had been rendered in their favor before the decision of the appeal in the circuit court, then the appeal would have served no purpose whatever. The clear intention of the statute is to give parties objecting to the validity of a will both remedies, and while they are concurrent to the extent that pursuing one will not deprive parties of the right to at the same time pursue the other, yet the parties are not compelled to pursue both. We do not think appellants can be deprived of their remedy by bill in chancery merely because they did not file it within a year from the order of the county court admitting the will to probate, when it can be clearly seen that on their theory of the case the filing of such a bill would be wholly unnecessary.

Under the peculiar language of the statute, especially section 14, we have not found the question involved free from doubt. We think, however, that the construction here adopted carries out the intention of the legislature and will work no injustice or hardship to parties interested.

The decree of the circuit court will accordingly be reversed and the cause remanded to that court for further proceedings not inconsistent with the views here expressed.

*Decree reversed.*