George J. Heuberger, Plaintiff-Appellant, v. Louise Schwartz and Helen Neuffer, n/k/a Helen Neuffer Berndtson, Defendants-Appellees.

## Gen. No. 48,766.

First District, Third Division.

March 27, 1963.

Hoellen, Willens & Manilow, of Chicago (Sherwin Willens and Floyd B. Manilow, of counsel), for appellant.

Edwin B. Berndtson and Schultz, Krinsley, Voorheis & Hedberg, of Chicago (Edwin B. Berndtson, of counsel), for Helen Neuffer Berndtson, appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order of the Superior Court of Cook County dismissing plaintiff's complaint

to contest the will of Caroline C. Reichardt on the ground that the nine month period in which a will can be contested under Section 90 of the Probate Act (Ill Rev Stats c 3, § 90 (1961)) had expired. The pertinent part of that section is as follows:

"Within nine months after the admission to probate of a domestic or foreign will in the probate court of any county of this State, any interested person may file a complaint in the circuit court of the county in which the will was admitted to probate to contest the validity of the will. . . ."

The sole issue before this court is whether the nine month period was extended by virtue of an appeal taken by plaintiff from the order of the Probate court admitting the will to probate.

Caroline C. Reichardt, hereinafter referred to as the deceased, is alleged to have executed her last will and testament on January 16, 1948. The Probate Court of Cook County ordered the will admitted to probate on August 16, 1960. Plaintiff appealed directly to the Supreme Court of Illinois which on March 29, 1961 affirmed the order of the probate court. On May 24, 1961 plaintiff filed his complaint to contest the validity of the will. This was more than nine months after the probate court order admitting the will to probate, but less than nine months after the supreme court affirmance.

██ ██ The right to contest a will is derived solely from statute. Luther v. Luther, 122 Ill 558, 13 NE 166; Glos v. Glos, 341 Ill 447, 173 NE 604; Kessler v. Martinson, 339 Ill App 207, 89 NE2d 735; Harney v. Wilson, 198 Ill App 477, 480; Storrs v. St. Luke's Hospital, 75 Ill App 152, 156. The time within which such a suit may be brought is considered to be a condition essential to the jurisdiction of the court. At the time of Luther v. Luther, supra (1887), the statutory limitation was three years, and the court said (at 566):

"The appearance within three years is a jurisdictional fact, and is necessary in order to put the machinery of the court in motion so as to test the validity of the will. The court has no power to entertain the bill after the three years have passed.

". . . The original probate of the will upon the testimony of the subscribing witnesses is allowed without delay, in order to secure an orderly settlement of the estate and to prevent the embarrassments and injurious consequences to creditors and others, which might result from the delay incident to a contest over the will. But serious consequences may also result from too long a delay to the property rights and titles of parties interested in and holding under the will, and therefore, a period should be fixed after which the original probate should be regarded as binding and conclusive."

This principle was recognized in O'Brien v. Bonfield, 220 Ill 219, 77 NE 167, but the court nevertheless came to the conclusion that under the procedure which then prevailed, the order of the county court admitting the will to probate was suspended or vacated pending appeal, and the period of limitation, which was then one year, was extended accordingly. It is this case upon which plaintiff relies, and we must examine it in considerable detail.

At the time of the decision in O'Brien v. Bonfield, supra, appeals in such matters from the probate or county court were taken to the circuit court and a trial de novo was *automatically granted.* Under the amended acts of 1959 and 1961 it was provided that appeals from orders admitting or refusing a will to probate may be taken *in the same manner as in other civil cases in courts of record.* Ill Rev Stats, c 3, § 329

31

(1959), as amended c 3, § 329 (1961). In the O'Brien case the circuit court, on appeal, tried the issue de novo and entered an order that the will be admitted to probate, that a certified copy of the order be filed in the county court, and that the original will be transmitted to that court. From that order an appeal was taken to the supreme court, which affirmed on February 7, 1905. On March 6, 1905 certified copies of the order of the circuit court and its affirmance were filed in the county court.

That was the situation in the O'Brien case when on April 11, 1905, a bill was filed to contest the will. It alleged that the appeal to the circuit court from the order not only stayed the proceedings, but *nullified* the order of the county court admitting the will to probate and thereby extended the period of limitations. A demurrer was sustained and the suit was dismissed. On appeal the supreme court sustained O'Brien's contention and reversed the order of the circuit court. The court said that three sections of the statute should be construed together—Section 7, the limitations section; Section 14, which provided for appeal to the circuit court and a *trial de novo;* and Section 18, which "requires all original wills, *together with the probate thereof,* to remain in the office of the clerk of the county court of the proper county, . . ." (Emphasis ours.) This latter section was considered important by the supreme court, in that it revealed that the legislature intended that the administration of estates should be had in the county court. The court held that the order of admission to probate by the county court was suspended when the appeal to the circuit court was taken and "nothing could be done in the county court by way of administering upon the estate except to appoint an administrator to collect." O'Brien v. Bonfield, supra, at 225. The county court could not assume its function of administration or probate of the estate until certi-

32

fied copies of the order of the circuit court were recorded in the county court.

The supreme court in O'Brien v. Bonfield, at 224, held that the appeal from the order of the circuit court admitting the will to probate "operated to stay all proceedings in the circuit court. . . ." At that time an appeal bond was required and upon the filing of a bond, the appeal constituted a supersedeas. The circuit court could not send a certified copy of its order to the county court until disposition of the appeal, and no order could be entered by the county court reviving the probate proceeding until that had been done. It follows that no order admitting the will to probate was effective until March 6, 1905, the date on which certified copies of the order of the circuit court and its affirmance by the supreme court were filed in the county court. Hence the court in O'Brien v. Bonfield, supra, found that the bill to contest the will which was filed April 11, 1905 was within the period of limitations.

It was a difficult question, and the court in the concluding paragraph of its opinion in O'Brien v. Bonfield, supra, said (at 226):

"Under the peculiar language of the statute, especially section 14, we have not found the question involved free from doubt. We think, however, that the construction here adopted carries out the intention of the legislature and will work no injustice or hardship to parties interested."

We have hereinbefore said that O'Brien v. Bonfield, supra, in substance held that the duty of the circuit court was the trial of the single issue of the admissibility of the will, and not the probate of the will. There is nevertheless language in the opinion in that case which is confusing on this point. In several places the supreme court refers to the will as being "probated" in the circuit court. This would seem to

be inconsistent with its conclusion that the probate of the will was the exclusive function of the county court. This confusion is due to the multiple usage of the term "probate." It is a good example of Judge Learned Hand's famous admonition that "words are such temperamental beings that the surest way to lose their essence is to take them at their face." Learned Hand, The Spirit of Liberty, 157 (2d ed 1954).

The confusion has been explained in Voorhees v. Denny, 372 Ill 78, 22 NE2d 677. There an appeal was taken to the Circuit Court of Vermilion County from an order of the county court admitting a will to probate. On a trial de novo the court affirmed the county court. An appeal was taken to the supreme court but was never perfected. No order was entered by the Circuit Court of Vermilion County remanding the case to the county court. While the proceedings for probate were in that state, a suit was filed in the Circuit Court of Sangamon County to construe the will. That court on motion dismissed the suit on the ground that it was without jurisdiction because the will had not been admitted to probate. An appeal was taken to the supreme court, which affirmed the order of the circuit court. The supreme court said, at 81, that "the term 'probate' when used as a noun, as distinguished from various portions of the procedure wherein the word is occasionally used as a verb, broadly contemplates the combined results of all the procedural acts necessary to the establishment of the will as a title instrument," citing Simpson v. Anderson, 305 Ill 172, 176, 137 NE 88, 90. It was in that broad sense that the court in O'Brien v. Bonfield, supra, could say that the will had been "probated" in the circuit court, while at the same time concluding that the *probate* of the will was in the jurisdiction of the county court "and was not complete until the certified copy of the order of the circuit court had been filed in the county court. . . ."

We are of the opinion that O'Brien v. Bonfield, supra, rests squarely on the ground that an appeal provided by law for the purpose of holding a *trial de novo* suspends or vacates the order or judgment involved. It is not applicable to other civil cases and therefore does not apply to the case before us, because under the new procedure, appeals from the probate court are now taken "as in other civil cases of courts of record." Ill Rev Stats, c 3, § 329 (1959), as amended c 3, § 329 (1961). Under this procedure an appeal to the appellate court is for the purpose of reviewing errors. Pending such an appeal, the judgment of the lower court is not vacated or suspended and the appeal does not postpone the commencement date of the running of the statute of limitations. Peoria County, Board of Supervisors v. Gordon, 82 Ill 435; Geisler v. Benken, 328 Ill App 357, 66 NE2d 313; Anderson v. Patty, 168 Ill App 151; 2 Cyc 971–72.

Geisler v. Benken, supra, is particularly in point. That suit sought to enforce liability against the stockholders and directors of a banking corporation. The basis of the suit was a judgment against the banking corporation, from which it had appealed. Under the applicable banking act, a one year limitation was imposed on actions against stockholders. Before an appeal from the judgment was disposed of, more than one year had elapsed from the date of the judgment. The plaintiff contended that the period of limitations did not begin to run until after the affirmance of the judgment on appeal. The court held that the pendency of an appeal does not postpone the commencement date of the running of the statute, citing Peoria County, Board of Supervisors v. Gordon, supra. In the Peoria case the court made the distinction we have hereinbefore noted between the effect of an appeal for the purpose of a trial de novo such as was involved in O'Brien v. Bonfield, supra, and an appeal for the purpose of reviewing for error, saying, at 438:

35

> "On appeal to the Supreme Court, under our laws, there is no trial de novo, but the appeal is in the nature of a writ of error, carrying up the case for the correction of errors which may have intervened in the progress of the suit in the court below, there being only a revision of the rulings of the lower court, as they may appear upon an inspection of the record alone."

In Curtis v. Root, 28 Ill 367, it was contended that while a judgment from which an appeal had been taken was before the reviewing court it was not an existing lien on the property of the defendant. The court said, at 377–78:

> "The appeal did not vacate or destroy the lien of the judgment. It merely suspended its execution. It was in full force all the time, as a vital judgment of the court, not only capable of holding all liens to which it attached at the term of its rendition, but it was capable of attaching to other property of which the judgment debtor might become the owner in the meantime, and thus subject such newly acquired property to its influence."

None of the cases cited by plaintiff nor any authority we could find supports plaintiff's contention that on appeal to a *reviewing court* of an order of the probate court admitting a will to probate, the running of the statute of limitations on the filing of will contests is suspended until the affirmance of the order.

We conclude that the period of limitations in the instant case commenced on the date of the entry of the order of the probate court admitting the will to probate and that it was not suspended by the appeal.

The judgment of the trial court will be affirmed.

Judgment affirmed.

DEMPSEY, P. J. and McCORMICK, J., concur.