## STATE v. HART MOTOR EXPRESS, INC.

132 N. W. (2d) 391.

December 24, 1964—No. 39,317.

*Eugene A. O'Brien,* for appellant.

*Walter F. Mondale,* Attorney General, and *Jerome J. Sicora,* Assistant Attorney General, for respondent.

THOMAS GALLAGHER, JUSTICE.

Action by the State of Minnesota to collect from defendant, Hart Motor Express, Inc., income taxes for the fiscal year ended June 30, 1953, in the sum of $1,526.37 and interest.

There is no dispute as to defendant's original obligation for such taxes or the amount thereof; but as a defense to the action defendant asserted that the state did not commence it within the period prescribed in Minn. St. 1957, § 290.49, subds. 7 and 8,[1] and hence was barred

---

[1]Minn. St. 1957, § 290.49, subd. 7, provided: "Where the assessment of any tax is hereafter made within the period of limitation properly

from enforcing collection of the taxes described. At the trial the state presented evidence by which it sought to establish that by virtue of certain correspondence and an agreement entered into between it and defendant the latter had effectively waived its right to assert any defense under the limitations prescribed in § 290.49, subds. 7 and 8, or was otherwise estopped from asserting such defense.

In its findings in favor of the state, the trial court determined the following:

"* * * defendant entered into a Consent pursuant to Minnesota Statutes, Section 290.49, Subd. 8, extending the time in which additional taxes could be assessed for the fiscal year ending June 30, 1953, to and including July 15, 1958.

"* * * defendant entered into a Consent pursuant to Minnesota Statutes, Section 290.49, Subd. 8, extending the time in which additional taxes could be assessed for the fiscal year ending June 30, 1953, to and including July 15, 1959.

> \*     \*     \*     \*     \*

"That by order dated July 9, 1959, the Commissioner of Taxation assessed additional corporate income and franchise taxes and surtax * * * against the defendant for the fiscal year ending June 30, 1953.

---

applicable thereto, such tax may be collected by a proceeding in court, but only if begun

"(1) within nine months after the expiration of the period for the assessment of the tax, or

"(2) within nine months after the expiration of the period agreed upon by the commissioner and the taxpayer, pursuant to the provisions of subdivision 8, or

"(3) within nine months after final disposition of any appeal from the order of assessment." (Subd. 7 was amended in 1961 to provide the present time limit of 18 months.)

Minn. St. 1957, § 290.49, subd. 8, provided: "Where before the expiration of the time prescribed in subdivisions (1) and (2) for the assessment of the tax, the commissioner and the taxpayer consent in writing to an extension of time for the assessment of the tax, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

"That pursuant to * * * Stipulation * * * the correct additional income and franchise tax liability, including surtaxes, of the defendant * * * for the fiscal year ending June 30, 1953, is $1,526.37; and that the correct statutory interest on such tax computed to May 13, 1963, is $583.82.

"That on February 24, 1961, the plaintiff * * * commenced the within action for the collection of the tax as assessed * * * plus accrued interest and statutory penalty.

"That prior to commencement of this action, defendant effectively waived any defense based upon limitation of time for the commencement of this action."

In this appeal from an order denying defendant's subsequent motion for a new trial, the sole issue presented is whether the evidence is sufficient to sustain the foregoing findings and conclusions of the trial court. Such evidence established the following facts: Defendant's fiscal year ends on June 30 each year. As indicated, the income taxes involved here were for the fiscal year ended June 30, 1953. By stipulation the parties agreed that the time for assessing such taxes was extended to expire July 15, 1959. Under § 290.49, subds. 7 and 8, it is undisputed that the state would be required to institute action to collect such taxes within 9 months from the date of their assessment against defendant. On July 9, 1959, within the extended period for assessment, the state duly assessed the taxes against defendant and mailed it a copy of the order of the commissioner of taxation determining its liability for the year in question. Under such circumstances the state had until April 9, 1960—9 months from the date of assessment—to bring its action for collection of these taxes.

Throughout the period involved the Federal government was engaged in litigation in the Federal courts to collect taxes from various taxpayers, including defendant, in which the Federal government's claims were based upon facts identical to those upon which the state relied for the collection of the taxes involved in the instant proceedings.

On January 13, 1960, the state mailed to defendant a form letter demanding payment of the taxes described within 30 days. On January 22, 1960, Mr. Albert J. Grazzini, a public accountant retained by

defendant and acting as its agent, wrote the Department of Taxation as follows:

"Your letter of the 13th of January to Hart Motor Express, Inc., Minneapolis, Minnesota, has been turned over to us for reply.

"The letter relative to the collection does come as a surprise inasmuch as a protest was filed on June 13, 1956. The point in question is the taxing of an award by the Federal government as income which to my understanding is still being litigated with the Internal Revenue Service.

"The company feels that until the matter is settled with the Federal authorities the State's claim should be held in abeyance."

On February 1, 1960, in reply to this letter, counsel for the Department of Taxation wrote defendant as follows:

"In response to your letter of January 22, 1960 please be advised that we are willing to hold this matter in abeyance as you requested providing the taxpayer will execute and return to this office copies of the enclosed Waiver within 30 days. You may retain one of these copies for your records."

On February 25, 1960, in reply to this letter, Mr. Grazzini wrote as follows:

"We have enclosed two executed copies of the Waiver which you sent us on February 1, 1960.

"This waiver is for an extension of one year from April 1, 1960.

"We have retained one copy of this waiver."

The waiver which had been prepared by the state and executed by defendant was as follows:

"In consideration of the State of Minnesota forebearing to commence an action for collection of income taxes claimed by the State of Minnesota for the calendar year 1954 and in order that the time may be extended within which voluntary payment may be made in accordance with the accepted plan of payment, the said Hart Motor Express, Inc. waives for an additional time of one year from and after April 1, 1960, any defense based upon the failure of the State of Minnesota to com-

mence an action in the District Court to collect said income tax within the period provided by law. It is understood that the waiver herein shall in no way limit the right of the State of Minnesota to commence an action at any time for the collection of income taxes above described.

"Dated this 23 day of February, 1960.

"/s/ N. J. Popovich, Sec'y
HART MOTOR EXPRESS, INC."

It is undisputed that at the time of the above correspondence the state had no income tax claims or assessments against defendant for the year 1954 and that such year rather than the fiscal year ended June 30, 1953, was referred to in the agreement through inadvertence. In reliance upon this correspondence and agreement, the state refrained from instituting its action against defendant for the taxes until subsequent to the decision of the United States Supreme Court on June 27, 1960, in the case of Commr. of Int. Rev. v. Gillette Motor Transport, Inc. 364 U. S. 130, 80 S. Ct. 1497, 4 L. ed. (2d) 1617. There the Supreme Court determined that income of the type here involved was ordinary income subject to assessment for income tax purposes.[2] Thereafter, on February 24, 1961, the state instituted the present action. Therein, defendant, notwithstanding its agreement to the contrary, interposed as its sole defense the expiration of the statutory period in which the action could be instituted as prescribed by § 290.49, subds. 7 and 8, contending that the state lacked any other authority to extend or enlarge such period, either by stipulation, agreement, or otherwise. As indicated above, the trial court held that defendant had waived the right to assert this defense and ordered judgment in favor of the state.

----

[2] In Commr. of Int. Rev. v. Gillette Motor Transport, Inc. 364 U. S. 130, 80 S. Ct. 1497, 4 L. ed. (2d) 1617, the Supreme Court determined that compensation awarded by the Motor Carrier Claims Commission to a motor transport company, such as defendant here, for the fair rental value of its facilities while the government controlled the same constituted ordinary income rather than capital gains resulting from the involuntary conversion of capital assets used in a trade or business. This was the basis for the state's claim to additional income tax in the instant case.

It is clear from the evidence described that defendant had agreed unequivocally that if the state would forebear bringing action for the collection of the described income taxes until subsequent to the expected decision of the United States Supreme Court in the Gillette Motor Transport case defendant in turn would not interpose as a defense to the action the expiration of the limitation period provided under Minn. St. 1957, § 290.49, subds. 7 and 8. On February 24, 1961, following the decision of the United States Supreme Court in the Gillette Motor Transport case, the state did institute the action against defendant. While this was subsequent to the time in which it should have been started under the statute, it is clear from the evidence that had it not been for defendant's request that the state's claim be held in abeyance, and defendant's promise in consideration therefor that it would not plead the statute as a defense thereto, the state would have commenced its action within the prescribed period. It is well settled that a defense based on a statute of limitations may be waived by agreement, 34 Am. Jur., Limitation of Actions, §§ 407 and 408; Banco Ky. Co.'s Receiver v. National Bank of Ky.'s Receiver, 281 Ky. 784, 137 S. W. (2d) 357; Gorowitz v. Blumenstein, 184 Misc. 111, 53 N. Y. S. (2d) 179; and further, under circumstances such as those described here, that a defendant's conduct may estop it from asserting such a defense, Albachten v. Bradley, 212 Minn. 359, 3 N. W. (2d) 783. Here, defendant by its acts and promises effectively waived its right to take advantage of the statute and also was estopped from so doing.

Affirmed.