JULIA RACKLEY PERRY MEMORIAL HOSPITAL, Plaintiff-Appellant, *v.* ETTA MAE PETERS *et al.*, Defendants-Appellees.—(THE VILLAGE OF TISKILWA, Defendant-Appellant.)

Third District    No. 78-295

Opinion filed February 28, 1980.

John Isaacson, of Princeton, for appellant Julia Rackley Perry Memorial Hospital.

Robert M. Hansen, of Herbolsheimer, Lannon & Henson, P. C., of La Salle, for appellant Village of Tiskilwa.

Robert F. Russell, of Johnson, Martin & Russell, of Princeton, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Julia Rackley Perry Memorial Hospital, an Illinois municipal corporation, appeals from an order of the Circuit Court of Bureau County granting a motion to dismiss a will contest action which had been brought by the plaintiff against Etta Mae Peters, Roger McCulloch, Marjorie McCulloch Anderson, J. L. Brown, executor under the last will of Zathoe Hauter, deceased, and the village of Tiskilwa, an Illinois municipal corporation, defendants.

Zathoe Hauter died on March 30, 1974. In her last will and testament the decedent named J. L. Brown as executor. The original will and first codicil were admitted to probate.

Then on June 25, 1975, the second codicil to the will of Zathoe Hauter was admitted to probate. The defendant executor appealed from the order admitting the second codicil to the will to probate. On July 9, 1976, the order appealed from was affirmed by the Illinois Appellate Court, Third District. (*Brown v. Peters* (1976), 39 Ill. App. 3d 962, 350 N.E.2d 565.) On January 7, 1977, and within 6 months of the decision affirming the order admitting the second codicil to the will of Zathoe Hauter to probate, a will contest was filed by the plaintiff. The petition alleged, as grounds for contesting the second codicil, undue influence and lack of testamentary capacity in Zathoe Hauter. One defendant, the village of

Tiskilwa, answered the petition by admitting all the allegations and counterclaiming with another will-contest petition on the same grounds as the initial petition of the plaintiff. Thereafter the First State Bank of Princeton was appointed special administrator of the estate of Zathoe Hauter in this cause supplanting J. L. Brown, the executor under the will. After its appointment, the special administrator moved to dismiss the will contest pursuant to section 48(1)(a) of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(a).) The record does not reveal the formal disposition of the counterclaim. The motion to dismiss urged that the circuit court lacked jurisdiction because the will contest had not been filed within 6 months of the admission of the second codicil to probate as required by section 8—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1975, ch. 3, par. 8—1). The plaintiff, Julia Rackley Perry Memorial Hospital, argued that the time limit for filing the will contest was extended by the appeal from the order admitting the second codicil to probate pursuant to the case of *O'Brien v. Bonfield* (1906), 220 Ill. 219, 77 N.E. 167. The trial court, relying upon the case of *Heuberger v. Schwartz* (1963), 41 Ill. App. 2d 28, 190 N.E.2d 163, granted the motion to dismiss reasoning that it was without jurisdiction to hear the case.

■■ This appeal followed, presenting only one issue: Whether a will contest suit is timely under section 8—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1975, ch. 3, par. 8—1) when it is filed within 6 months of a decision of the appellate court affirming the admission of the will to probate, but after the expiration of the 6-month period from the order of the circuit court admitting the will to probate.

■■ The question before us is a difficult one, even though it is one which has been before the courts of this State in the past. The applicable statute provides:

> "Within 6 months after the admission to probate of a domestic or foreign will in any court of this State, any interested person may file a petition in the proceeding for the administration of the testator's estate to contest the validity of the will. The right to institute or continue a proceeding to contest the validity of a will survives and descends to the heir, legatee, representative, grantee or assignee of the person entitled to institute the proceeding." (Ill. Rev. Stat. 1975, ch. 3, par. 8—1.)

The issue is one of statutory construction; that is whether the language "Within 6 months after the admission to probate" demands strict adherence to the letter of the statute or whether the time period is extended in the case where an appeal is taken from the order admitting the will to probate. The time limit set out in the statute limiting the time for will contests is not a statute of limitations in the ordinary sense but is a jurisdictional statute, for without compliance with the applicable time limit the trial court loses jurisdiction to hear the will contest. (*Ruffing v.*

*Glissendorf* (1968), 41 Ill. 2d 412, 243 N.E.2d 236.) The reasoning behind such conclusion is found in *Luther v. Luther* (1887), 122 Ill. 558, 566, 13 N.E. 166, 169, where the court stated:

"[S]erious consequences may also result from too long a delay to the property rights and titles of parties interested in and holding under the will, and, therefore, a period should be fixed after which the original probate should be regarded as binding and conclusive."

Obviously the basic justification for the construction of the statute as one of a limitation on the trial court's jurisdiction is the necessity to expedite the administration and distribution of estates and to prevent undue delay in the settlement and determination of property interests created by a will.

The litigants have cited to us two significant cases which are dramatically opposed to each other. As aforesaid, the appellants rely upon *O'Brien v. Bonfield* (1906), 220 Ill. 219, 77 N.E. 167, for the proposition that when an appeal is taken from the order admitting the will to probate, the time period for filing a will contest does not begin to run until after a decision is handed down in the appeal. The appellees rely upon *Heuberger v. Schwartz* (1963), 41 Ill. App. 2d 28, 190 N.E.2d 163, for a contrary holding. The *Heuberger* case distinguishes the result and reasoning expressed in the *O'Brien* case and holds that an appeal from an order admitting a will to probate does not postpone the commencement date of the running of the applicable time period in which a will contest must be filed. We have examined both cases and analyzed the reasoning underlying both apparently conflicting results. We have also examined all other cases cited by the parties as well as a recent thought-provoking article discussing the finality of an order admitting a will to probate and the cases cited therein, Barnard, *Appeal From Order Admitting Will to Probate*, 68 Ill. B.J. 97 (1979). We agree with the appellate court in *Heuberger* that the facts of *O'Brien* are distinguishable from *Heuberger* as well as from the one before us.

In *O'Brien* a will was admitted to probate on October 5, 1903, in the County Court of Iroquois County. Under the law then prevailing, the order admitting the will to probate was appealed to the Circuit Court of Iroquois County on October 22, 1903. The circuit court heard the appeal *de novo* and ordered the will admitted to probate on March 27, 1904. The judgment of the circuit court was appealed to the Illinois Supreme Court and affirmed on February 7, 1905. On March 6, 1905, the county court entered an order reciting the filing in that court of the circuit court order together with the order of affirmance by the supreme court. On April 11, 1905, a will contest was filed. The law was, at the time of the decision in *O'Brien*, that a trial *de novo* was automatically granted, and during the

course thereof the running of the then 1-year period to file a will contest was suspended. The then applicable law also provided that the administration of estates would remain with the county court. The county court in *O'Brien* could not assume its function of administration or probate until after a trial *de novo* was held and certified copies of the order of the circuit court to which the appeal was taken were recorded in the county court. As the court in *Heuberger* aptly reasoned, "At that time an appeal bond was required and upon the filing of a bond, the appeal constituted a supersedeas. The circuit court could not send a certified copy of its order to the county court until disposition of the appeal [to the supreme court], and no order could be entered by the county court reviving the probate proceeding until that had been done." (*Heuberger v. Schwartz* (1963), 41 Ill. App. 2d 28, 33, 190 N.E.2d 163, 165.) Such is the underlying rationale for the result in *O'Brien* that the appeal there tolled the running of the then 1-year time period for filing a will contest. The procedure for appeal at the time of *O'Brien* certainly supports the result reached there, and it is that difference in appeals procedure and therefore administration "delay" that existed then as opposed to now under the facts of the case at bar and the case of *Heuberger* which justifies our not adhering to the reasoning and result of the *O'Brien* case.

■■ ■ Under modern practice rules the procedure for a trial *de novo* on review has been eliminated, and appeals of probate matters are conducted in the same manner as appeals in other types of civil cases. The ruling of the *O'Brien* court is grounded upon the old appellate procedure in probate cases where the appeal resulted in a trial *de novo* which itself suspended or vacated the order admitting the will to probate and hence tolled the commencement of the then 1-year period to file a will contest. Under the more modern appellate procedure by which *Heuberger* was, and the case at bar must be, decided, the appeal from an order admitting a will to probate does not vacate or suspend that order, and consequently should not toll the running of the 6-month limitation of filing a will contest.

We expressly reject, as aforesaid, the appellant's position that the *O'Brien* case correctly expressed a proper policy decision with regard to the timeliness of a will contest filing, and we believe the reasoning of *Heuberger* to be the proper expression of policy on the issue of timeliness now before us. The factual situation set forth in *Heuberger* is essentially identical to that of this appeal. In accord with *Heuberger* and citing it as authority are *Estate of Arcicov* (1968), 94 Ill. App. 2d 122, 236 N.E.2d 365; *In re Estate of King* (1968), 91 Ill. App. 2d 342, 235 N.E.2d 276; and *Nupnau v. Hink* (1964), 53 Ill. App. 2d 81, 203 N.E.2d 63.

In justification of our adoption of the *Heuberger* policy we observe that the time period for filing a will contest after a will has been admitted

to probate has steadily been reduced. At the time of *Luther v. Luther* (1887), 122 Ill. 558, 13 N.E. 166, the applicable statute provided for 3 years, and at the time of the hearing from which this appeal is taken it had been reduced to only 6 months. A statement of the public policy which prompted this reduction in the applicable time limit for will contests was provided by the court in *Nupnau v. Hink* (1964), 53 Ill. App. 2d 81, 86, 203 N.E.2d 63, 66:

> "Nor can there be any doubt that the time limit thus established constitutes an expression of public policy in favor of early determination of the ultimate validity or invalidity of wills admitted to probate. As stated by this court in *Pedersen v. Dempsey*, 341 Ill. App. 141, 143, 93 N.E.2d 85:
>
>> 'The statute limiting the time for filing a bill to contest a will was first fixed at five years, then reduced to three, then to two, and ultimately to its present period of nine months. The reason for these reductions in the time within which the validity of a will may be questioned is the pressing importance of securing an orderly settlement of estates, to prevent embarrassment to creditors and others, and to avoid as much confusion as possible in the vast amount of property rights and titles that pass through probate. So important has this been deemed by courts and legislatures that neither fraud and concealment, nor the admitted incompetency of an attesting witness nor even the insanity of an heir can upset an order of probate after the time allowed. (Citing cases.)' "

We believe our decision to affirm the trial court's dismissal of the petition to contest the will furthers this sound public policy. Additional evidence of the same public policy can be found throughout the recent amendments to the Probate Act (Pub. Act 81-213).

In a recent appellate court case an analogous issue was presented which deserves some comment. The holding in *Watt v. Farmers State Bank & Trust Co.* (1979), 71 Ill. App. 3d 455, 389 N.E.2d 947, a case not available at the time this appeal was briefed, superficially favors the appellants' position that the will contest here was timely filed. In *Watt* a will contest was filed within the 6-month period required by the Probate Act. The complaint, however, only contested the validity of the will, whereas a codicil which republished and reaffirmed the will had also been admitted to probate. Nearly a year after the expiration of the 6-month period to file the will contest had expired, a second amended complaint seeking to contest not only the will but in addition the codicil was filed. The trial court dismissed the second amended complaint attacking the codicil on the ground that it was untimely, since the codicil had not been

contested within the required 6-month period. The Fourth District Appellate Court reversed and held that the trial court had jurisdiction to consider the contest of the codicil because of section 46 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 46), which permits amendment of pleadings filed in apt time and relates the amendment back to the timely filing of the former pleading. This procedure prevents the amended pleading from being barred by any statute which limits the time within which a cause of action must be filed if the original pleading, now sought to be amended, was itself timely filed. Obviously the facts of the *Watt* case are distinguishable from those of the present appeal. The appellants do not have a similar provision of the Civil Practice Act upon which to rely. While we agree with the result reached in *Watt*, we do not believe it is applicable or controlling of this appeal.

For the reasons stated the judgment of the Circuit Court of Bureau County, dismissing the will contest, is affirmed.

Judgment affirmed.

STOUDER, P. J., and ALLOY, J., concur.