No. 83-262

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

IN THE MATTER OF THE ESTATE OF
LESLIE J. TAYLOR, a/k/a LES TAYLOR,
Deceased.

---

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Choteau,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert J. Emmons argued for Thomas & Anna Tope,
Great Falls, Montana

For Respondent:

Jardine, Stephenson, Blewett & Weaver; Alexander
Blewett III argued for Lillian Taylor, Great Falls,
Montana

---

Submitted:  December 5, 1983

Decided:  January 5, 1984

Filed:
JAN 5 - 1984

*Ethel M. Harrison*

———————————————————————
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The alleged residuary legatee and devisee under a purported will appeals dismissal of his petition to probate the will. We affirm the dismissal.

In May 1974 Leslie Taylor executed his will. The will left $10,000 to his sister Lillian Taylor, respondent herein; approximately 240 acres of land to his friend Rodney Fraser; and the remainder of his estate to his friends, Tom Tope and Anna Tope, husband and wife, in equal shares. Tom Tope was named executor. The estate was later appraised at over one-half million dollars.

In March 1975 Leslie Taylor died. In April 1975 Lillian filed a petition for letters of administration alleging that Leslie had died intestate. Lillian was appointed personal representative. The inventory and appraisal of the estate showed assets of $502,567.29. In March 1976, the final decree of distribution was entered distributing the entire estate to Lillian, Taylor's only heir under intestate laws of succession.

Thereafter, Lillian deeded the 240 acres to Rodney Fraser and paid the Topes $200,000 between 1978 and 1982.

In November 1982 Tom Tope filed his petition to probate Leslie Taylor's will. In substance, he alleged that under the terms of Taylor's will, he and his wife were entitled to the entire estate except for $10,000 to Lillian and 240 acres to Rodney Fraser. Tope alleged that after execution of the will, Leslie Taylor told Tope that he had explained its terms to Lillian and Lillian had agreed to the terms. Tope further alleged that after Taylor's death, Lillian informed the Topes that Taylor had made some minor changes in his will and that she would abide by the will as best she could.

2

Finally, Tope alleged that Lillian led him and his wife to believe that they would receive the assets provided for them in the will even though the will was not probated. Tope alleged that in 1982 Lillian indicated to him that he might not receive any more of the assets provided in the will which led him to file the petition for probate over seven and one-half years after Leslie Taylor's death.

After the petition for probate was filed, the District Court ordered Lillian to produce the will. She did not produce it, apparently claiming that Leslie had burned it prior to his death.

Lillian filed a motion to dismiss Tope's petition to probate the will contending that probate was barred by the three-year statute of limitations in the probate code (section 72-3-122, MCA).

The District Court entered findings of fact, conclusions of law and its order dismissing Tope's petition for probate of the will. The same was entered solely on the pleadings without consideration of the depositions, any evidentiary hearings, or a motion for summary judgment. In sum, the District Court found that the pleadings "alleged facts setting forth estoppel as to the limitations statute" but that the the three-year statute of limitations in the probate code created a final presumption of intestacy barring a petition for probate filed over seven and one-half years after Taylor's death. Section 72-3-122, MCA.

The fundamental issue on appeal can be stated in this language:

Does the three-year limitation on filing a petition to probate a will bar a later filing based on equitable estoppel? We answer "yes," leaving petitioner to his remedy

3

against the individual whose words and conduct allegedly damaged him.

The statute of limitations for probating wills is set forth in Montana's probate code which we quote in pertinent part:

"Time limit on probate, testacy, and appointment proceedings -- exceptions. (1) No informal probate or appointment proceeding or formal testacy or appointment proceeding, other than a proceeding to probate a will previously probated at the testator's domicile and appointment proceedings relating to an estate in which there has been a prior appointment, may be commenced more than 3 years after the decedent's death, except:

"(a) if a previous proceeding was dismissed because of doubt about the fact of the decedent's death, appropriate probate, appointment, or testacy proceedings may be maintained at any time thereafter upon a finding that the dececent's death occurred prior to the initiation of the previous proceeding and the applicant or petitioner has not delayed unduly in initiating the subsequent proceeding;

"(b) appropriate probate, appointment, or testacy proceedings may be maintianed in relation to the estate of an absent, disappeared, or missing person for whose estate a conservator has been appointed at any time within 3 years after the conservator becomes able to establish the death of the protected person; and

"(c) a proceeding to contest an informally probated will and to secure appointment of the person with legal priority for appointment in the event the contest is successful may be commenced within the later of 12 months from the informal probate or 3 years from the decedent's death." Section 72-3-122, MCA.

The statute is clear and unambiguous. None of the exceptions to the three-year time limit on commencing a proceeding to probate a will apply to this case. The statute provides no exception to the three-year limitation for delay allegedly caused by misrepresentations of another party

4

involved in the estate nor does it estop that party from asserting the statutory bar.

The statute is taken directly from the Uniform Probate Code, Section 3-108. It establishes a basic limitation of three years for determination of whether a decedent left a will, to commence proceedings to prove the same, and to commence proceedings to administer the estate thereunder. The Comment to this provision of the statute states in part:

> "If no will is probated within three years from death, the section has the effect of making the assumption of intestacy final. . . ."

The District Court correctly so held.

The purpose and rationale behind this three-year time limitation is clearly discernable from the statement of purposes underlying Montana's Uniform Probate Code:

> "(2) The underlying purposes and policies of this code are to:
>
> ". . .
>
> "(c) promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to its successors." Section 72-1-102(2)(c), MCA.

Montana's Uniform Probate Code establishes a strong public policy to administer estates of decedents expeditiously and without unreasonable delay. Such public policy would be rendered meaningless and illusory if personal agreements and disputes between persons involved in estate administration could be litigated by raising estoppel as a bar to time limitations in the probate code many years later. If such were permissible, there would be no finality to adminstration and distribution of estates. The rights of third person distributees of estate assets could be affected or compromised many years later.

5

The framers of the Uniform Probate Code and the Montana legislature were not insensitive to situations involving fraud in connection with the administration of estates. A Montana statute provides in pertinent part:

"Remedies for fraud -- statute of limitations. (1) Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this code or if fraud is used to avoid or circumvent the provisions or purposes of this code, any person injured thereby may obtain appropriate relief including restitution against the perpetrator of the fraud or any person benefiting from the fraud, whether innocent or not (other than a bona fide purchaser for value and without notice)." Section 72-1-111(1), MCA.

Only by construing the language "appropriate relief including restitution against the perpetrator" to mean individual relief against the perpetrator by claims for relief outside the Uniform Probate Code can the foregoing statute be harmonized with the purposes and policy underlying the Code as expressed in section 72-1-102(2)(c), MCA, heretofore quoted.

Decisions from other jurisdictions support the view that oral agreements between beneficiaries of estates do not bar time limitations for filing applications to probate wills. The Texas Court of Civil Appeals has so held on public policy grounds. Brown v. Byrd (Tex.Civ.App. 1974), 512 S.W.2d 753. The Missouri Supreme Court so held, ruling that the primary purpose of a special statute of limitations on filing a petition for probate was to quiet estates and avoid late litigation. State ex rel. Bier v. Bigger (1944), 352 Mo. 502, 178 S.W.2d 347. In accord: In re Estate of Politte (Mo. App. 1970), 460 S.W.2d 733.

Tope argues that equitable estoppel to bar the three-year statute of limitations on filing a petition for probate is an available remedy, citing numerous authority

from Montana and elsewhere in support. Section 26-1-601(3), MCA; section 1-3-208, MCA; Thompson v. Nebraska Mobile Homes Corp. (Mont. 1982), 647 P.2d 334, 39 St.Rep. 1094; Fraunhofer v. Price (1979), 182 Mont. 7, ~~534~~ 594 P.2d 324; LaForest v. Texaco, Inc. (1978), 179 Mont. 42, 585 P.2d 1318; Keneco and Kenik v. Cantrell (1977), 174 Mont. 130, 568 P.2d 1225; Howeth v. D. A. Davidson Co. (1973), 163 Mont. 355, 517 P.2d 722; Lapke v. Hunt (1968), 151 Mont. 450, 443 P.2d 493; Higby v. Hooper (1950), 124 Mont. 331, 221 P.2d 1043; Lindblom v. Employers Assurance Corporation (1930), 88 Mont. 488, 295 P. 1007 and cases cited therein; Schroeder v. Young (1896), 161 U.S. 334, 16 S.Ct. 512, 40 L.Ed.721; Carruth v. Fritch (Cal. 1951), 224 P.2d 702, 24 ALR2d 1404, 1414 and authorities cited therein; State v. Hart Motor Express (Minn. 1964), 132 N.W.2d 391; 43 ALR 3d 435 and cited references therein; 51 Am.Jur.2d Limitations of Actions, §§ 431, 433 and 436.

We decline to apply these cited authorities to uphold Tope's claim that equitable estoppel bars application of the three-year statute of limitations in Montana's probate code. These authorities either involve general statutes of limitations unlike the special statute of limitations in the probate code or cases in which the plaintiff or petitioner have no effective remedy other than equitable estoppel available to him, unlike the instant case. Here, we are simply leaving Tope to his remedies against Lillian by way of an action based on misrepresentation, constructive trust, breach of contract, fraud or any other remedy available to him. In so doing, we uphold the three-year statute of limitations in the probate code and carry out its stated purpose and policy of promoting a speedy and efficient system for liquidating and distributing the estate. Section 72-1-102(2)(c), MCA.

Appellant also argues that equitable estoppel barring assertion of the three-year time limitation on proceedings to probate a will is a jury issue and the District Court was in error in ruling it inapplicable as a matter of law. Not so. We agree that Tope has the burden of proving facts to support application of the legal principle of equitable estoppel and that such proof creates a jury issue. However, the District Court here ruled as a matter of law that the facts plead by Tope created an equitable estoppel, but that nonetheless the three-year statute of limitations barred Tope's petition as a matter of law. We concur.

Tope further contends that equitable estoppel bars the three-year time limitation on a petition to probate a will because the principles of law and equity supplement the provisions of the probate code, citing section 72-1-104, MCA. However, such principles do not supersede provisions of the probate code where the stated purpose and policy is to promote a speedy, efficient system for liquidating and distributing estates. It is difficult to see just how the filing of a petition for probate some seven and one-half years after intestate administration of the estate was commenced and some six and one-half years after the final decree of distribution of the estate property was entered promotes this purpose or just how law and equity favor one who has remained silent for years relying on an alleged verbal agreement with another beneficiary. What principles of law and equity require allowing this attempt several years later to reopen an estate rather than requiring Tope to seek his remedy against Lillian personally? None of which we are aware.

Finally, appellant argues that Montana's Uniform Probate Code prohibits impairment of any accrued right he had

prior to July 1, 1975, the effective date of the Code, citing section 72-1-~~103~~ 107, MCA. This issue was never raised in the District Court or in any brief on appeal. It was first raised during oral argument on appeal. We will not consider an issue raised for the first time on appeal. Johnson v. Johnson (1977), 172 Mont. 94, 560 P.2d 1331; Bull Creek Oil and Gas Development v. Bethel (1953), 127 Mont. 222, 258 P.2d 960; Mitchell v. Garfield County (1949), 123 Mont. 115, 208 P.2d 497. We note in passing that the accrued right that Tope had on July 1, 1975, was the right to offer the purported will for probate and under the prior probate code in effect until that date the decree of distribution ". . . is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal." Section 91-3902, R.C.M. 1947.

We have considered all other contentions, arguments and authorities raised by the parties, consider that none require further comment in this opinion, and find that none would alter our ruling herein.

In sum, we hold as a matter of law that equitable estoppel will not permit the filing of a petition to probate a will in contravention of the three-year time limit in section 72-3-122, MCA.

Affirmed.

_____
Chief Justice

9

We concur:

John Conway Harrison

_____

R. C. Gulbrandson.

_____

Daniel J. Shea

_____

John C. Sheehy

_____
Justices