710 P.2d 476

**In the Matter of the ESTATE OF Arthur F. WOOD, Deceased,**

**Patricia W. HUNT; Arthur Lee Wood; Peggy Jean Prather; Betty Lee Hove; Contestants-Appellants,**

v.

**Mary Ann WOOD and Barry Michael Wood, Proponents-Appellees.**

**No. 1 CA–CIV 8180.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 12, 1985.

Lindteigen & Griffiths, Ltd. by David A. Griffiths, Mesa, for contestants-appellants.

Fenton J. McDonough, Scottsdale, for proponents-appellees.

KLEINSCHMIDT, Judge.

This is an appeal from an order of the probate court admitting a late-discovered will to probate. We find that the probate court exceeded its statutory authority by admitting the will to probate after the running of the three-year limitation period prescribed in A.R.S. § 14–3108.

Arthur F. Wood died on July 20, 1979. He was survived by his widow, Mary Ann Wood, since deceased, his son from that marriage, Barry Michael Wood, and four children from a prior marriage, Patricia W. Hunt, Arthur Lee Wood, Peggy Jean Prather, and Betty Lee Hove. The four children of the prior marriage are the appellants in this action; Barry Wood, as sole heir and personal representative of his mother's estate, is the appellee.

Following Arthur Wood's death, no will could be located. Accordingly, his estate was administered intestate. Under the Arizona law of intestate succession Arthur's widow and all five children would share in the distribution of the estate. A.R.S. §§ 14–2102, 14–2103.

In a letter dated January 23, 1984, Fenton McDonough, Esq., who had been Arthur Wood's attorney and who was counsel for the personal representative, informed all of the heirs that he had discovered a holographic will which had previously gone undetected in his files. Under the terms of the will, Wood's entire estate was left to his wife. As his mother's sole heir, Barry Michael Wood will receive the entire estate if the will is given effect.

On February 14, 1984, Barry Wood filed a petition for the formal probate of the holographic will, and on March 14, 1984, the probate court signed an order admitting the will to probate. The order of the probate court admitting the will recited that "the proceeding for its admission to probate was commenced within three years of its [the will's] discovery." Barry Wood filed a petition for approval of distribution under the terms of that will on June 14, 1984.

On July 13, 1984, the appellants Hunt and Wood objected to the probate of the will and to the proposed distribution. They claimed that the will had not been offered for probate within the three-year limitation period of A.R.S. § 14–3108 and was thus barred from probate. The appellants moved for summary judgment, and the appellee agreed that there was no factual dispute. The court denied the appellants' motion for summary judgment and overruled their objection to the probate of the will and to the proposed distribution. The court found that the appellants had not objected to the admission of the will to probate within sixty days of the formal order of admission as required by A.R.S. § 14–3412. The appellants appealed to this court.

Arizona Revised Statutes § 14–3108 states:

No informal probate or appointment proceeding or formal testacy or appointment proceeding, other than a proceeding to probate a will previously probated at the testator's domicile and appointment proceedings relating to an estate in which there has been a prior appointment, may be commenced more than three years after the decedent's death, ....

There are four exceptions to this time limitation, but no claim is made that any of them apply to this case.

Clearly, more than three years had passed between Arthur Wood's death and the submission of the will for probate. The trial judge apparently believed that the three years was to be counted from the date of discovery of the will. This is not what the statute says. It says the proceedings must be brought within three years of the date of death. Neither party has raised this apparent oversight on the part of the judge and since there is no transcript of the arguments on the motions we cannot be certain that the judge persisted in his mistake. In any event, admitting the will to probate under these circumstances contravened A.R.S. § 14–3108.

The probate court based its decision to probate the will on the grounds that the appellants had failed to object to the will within the time limitation for contesting a will, apparently in the belief that the limitation of A.R.S. § 14–3108 is of no effect unless it is affirmatively asserted. The limitation found in A.R.S. § 14–3108 is not an ordinary statute of limitations which may be waived if not affirmatively pleaded. Rather, it is a statutory limitation on the probate court's power. "Proceedings for the administration of decedent's estates are purely statutory.... If the probate court has no jurisdiction, its act in excess thereof is void." *In re Estate of Wright*, 132 Ariz. 555, 560, 647 P.2d 1153, 1158 (App.1982). The probate court in this case exceeded its statutory authority when it admitted the will to probate more than three years after Arthur Wood's death. Its order in this regard is therefore void.

Construing A.R.S. § 14–3108 as a limitation on the court's power rather than as an ordinary statute of limitation furthers one of the stated purposes of the Arizona Probate Code. Arizona Revised Statutes § 14–1102 provides:

(B) The underlying purposes and policies of this title are:

....

3. To promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to his successors.

Finality in the administration of estates is implicit in this stated purpose. At some point during administration, intestacy must be conclusive.

At least one decision from another jurisdiction supports this conclusion. In *In re Estate of Taylor*, 675 P.2d 944 (Mont.1984) the Montana Supreme Court addressed the conclusiveness of the limitation for the probate of late-discovered wills. The Montana Probate Code, like the Arizona statute, is based on the Uniform Probate Code, and is *identical in pertinent part* to A.R.S. § 14–3108. In *Taylor*, the appellant claimed the right to probate a will beyond the three-year limitation. The appellant alleged that the person who would benefit from intestacy had destroyed the will and had also promised the beneficiaries under the will that they would receive the assets left to them in the will even though it was not probated. Thus, the appellants argued that the opponent of the will was equitably estopped to contest its admission to probate. In holding that the limitation was not affected by equitable estoppel, the Montana Supreme Court stated:

The statute is taken directly from the Uniform Probate Code, Section 3–108. It establishes a basic limitation of three years for determination of whether a decedent left a will, to commence proceedings to prove the same, and to commence proceedings to administer the estate thereunder. The Comment to this provision of the statute states in part:

'If no will is probated within three years from death, the section has the effect of making the assumption of intestacy final....'

*Taylor*, 675 P.2d at 945–46. After reviewing the purposes of the Montana Probate Code, the court continued:

Montana's Uniform Probate Code establishes a strong public policy to administer estates of decedents expeditiously and without unreasonable delay. Such public policy would be rendered meaningless and illusory if personal agreements and disputes between persons involved in estate administration could be litigated by raising estoppel as a bar to time limitations in the probate code many years later. If such were permissible, there would be no finality to administration and distribution of estates. The rights of third person distributees of estate assets could be affected or compromised many years later.

*Taylor*, 675 P.2d at 946. We agree with the Montana court's assessment of the need for finality in the administration of decedents' estates.

The comments to U.P.C. § 3–102 (A.R.S. § 14–3102) also provide guidance. That section deals with the use of a will as evidence of the transfer of property. The comment to that section states:

[T]he limitations on probate provided in 3–108 [A.R.S. § 14–3108] mean that questions as to testacy may be eliminated simply by the running of time.... If the decedent is believed to have died without a will, the running of three years from death bars probate of a late-discovered will and so makes the assumption of intestacy *conclusive*. (Emphasis added).

While we note that the Uniform Probate Code comments are not binding upon this court, one goal of our probate code, as expressed in A.R.S. § 14–1102(5) is "[t]o make uniform the law among the various jurisdictions." Using the U.P.C. comments as guidance in interpreting our probate code facilitates this goal. The comments indicate that A.R.S. § 14–3108 creates a conclusive presumption; it is certainly something more than an ordinary statute of limitations.

Support for our conclusion is also found in *State ex rel. Bier v. Bigger*, 352 Mo. 502, 178 S.W.2d 347 (1944), which dealt with the question of whether the probate court erred in refusing to admit a will to probate after the statutory period for petitioning for admission had run. The proponent of the will asserted that the will had been concealed by the personal representative. The limitation period was found in the probate code itself, rather than in the general chapter of the statutes dealing with limitations of actions. The Supreme Court of Missouri, in affirming the probate court's refusal to admit the will, reasoned:

> This court has uniformly held that where a statute of limitations is a special one, not included in the general chapter on limitations, the running thereof cannot be tolled because of fraud, concealment *or any other reason not provided in 'the statute itself.*

178 S.W.2d at 350 (emphasis added).

Arizona's statutory scheme is similar to that which was in effect in Missouri. *Compare* A.R.S. §§ 14–3108 and 12–501, *et seq.* While we are not concerned with the *tolling* of a statute, *Bier* is instructive because it emphasizes the stringent effect of special statutes which provide that certain acts must be done within a set period.

In a similar, but not identical, context other courts have recognized the importance of conclusive finality in matters involving decedent's estates. In *Julia Rackley Perry Memorial Hospital v. Peters*, 81 Ill.App.3d 487, 36 Ill.Dec. 746, 401 N.E.2d 587 (1980), the court held that a statute which permitted the filing of a will contest within six months after the admission of a will to probate was not an ordinary statute of limitation and that in the absence of compliance with the applicable time limit the trial court loses jurisdiction to hear the case. Citing an earlier Illinois decision, it explained the reason for its holding:

> '[S]erious consequences may also result from too long a delay to the property rights and titles of parties interested in and holding under the will, and therefore a period should be fixed after which the original probate should be regarded as binding and conclusive.'

*Peters*, 36 Ill.Dec. at 748, 401 N.E.2d at 589, *quoting Luther v. Luther*, 122 Ill. 558, 566, 13 N.E. 166, 169 (1887).

We recognize that there are cases decided under a variety of statutes which reach a conclusion contrary to our own. *See* annotation, 17 A.L.R.3d 1361. We are nonetheless persuaded, in view of the strong policy reflected in the comments to the Uniform Probate Code, that our construction of A.R.S. § 14–3108 is correct.

The order admitting the will to probate is vacated and this matter is remanded to the trial court to administer the estate in a manner consistent with this opinion.

CORCORAN and EUBANK, JJ., concur.